UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WASHINGTON INTERNATIONAL **05**
INSURANCE COMPANY,

Plaintiff,

v.

ARTEK BUILDERS, INC.,

Defendant

**1 0 4 3 7 GAO**

COMPLAINT FOR DECLARATORY
JUDGMENT
CIVIL ACTION NO.

RECEIPT # _025775_
AMOUNT $ _250_
SUMMONS ISSUED _YC_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK _AOM_
DATE _3/8/05_

MAGISTRATE JUDGE _Abb_

## INTRODUCTION

This is a Complaint seeking a declaration of the respective rights and obligations of the

Plaintiff and Defendant under various labor and material payment bonds that the Plaintiff issued

on various construction projects. Briefly, Washington International Insurance Company

("WIIC") seeks a declaratory judgment that it is exonerated and discharged from any liability

under the Bonds for the independent reasons that: 1) the Defendant, Artek Builders, Inc.

("Artek") is not a claimant as defined within the meeting of M.G.L. c. 149, §29 and 2) the

Defendant cannot recover under the payment bonds as it is an insider or an alter ego of J.S. Luiz,

III, Inc.[1]("Luiz")

## PARTIES

1.     The Plaintiff, Washington International Insurance Company is a Illinois

corporation with its principal place of business at 300 Park Boulevard, Suite 500, Itasca, IL.

2.     The Defendant, Artek Builders, Inc. is a Massachusetts corporation with its

principal place of business at 26 Prospect Road, Mattapoisette, Massachusetts 02739.

---

[1] J.S. Luiz, III, Inc. is the principal under the various labor and material payment bonds issued by WIIC.

3.    J.S. Luiz, III, Inc. is a Massachusetts corporation with a principal place of business at 12 Ventura Drive, North Dartmouth, Massachusetts, 02747.

## JURISDICTION AND VENUE

4.    The amount in controversy exceeds $75,0000.  This Court has jurisdiction over this dispute based on diversity of citizenship under 28 U.S.C. §1332, and pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201-2202.

## FACTS

5.    Luiz, a General Contractor, entered into several construction contracts with various owners to perform certain contract work according to the terms of each construction contract.

6.    Upon information and belief, the President of Luiz, established Artek as a corporation in April 2000.

7.    Upon information and belief, Ronald Merlo is the Vice President of Luiz.

8.    Upon information and belief, Diane Merlo is the President of Artek.

9.    Upon information and belief, Luiz paid employee payroll, insurance, such as worker's compensation, commercial insurance and expenses for Artek.

10.    Upon information and belief, Artek billed Luiz for pure labor costs only.

11.    Upon information and belief, the Subcontract Agreements entered between Luiz and Artek were dated after the last labor was performed by Artek.

12.    WIIC, as Surety, executed multi performance and payment bonds on behalf of Luiz, as Principal, in favor of the principal's owners as Obligees for the various projects.  A list of the Payment Bonds is attached hereto as Exhibit A and incorporated herein by reference.

2

13.     Artek has filed Proof of Claims to WIIC under Luiz's several payment bonds for *inter alia* labor performed on the various projects. The Proof of Losses are attached hereto as Exhibit B and incorporated herein by reference.

## COUNT I

14.     St. Paul incorporates by reference as if fully rewritten herein, all allegations contained in paragraphs 1 through 6 above.

15.     By virtue of the foregoing, an actual controversy exists between WIIC and Artek as to whether WIIC's bond obligations and liabilities have been discharged.

16.     WIIC seeks a declaratory judgment seeking that the Payment Bonds issued by WIIC are exonerated and discharged as there is no obligation under the various Payment Bonds to Artek where Artek is an insider or within the family of Luiz's as principal entities and a principal cannot recover on a payment bond as a matter of law.

17.     Artek as an insider is not a Claimant as defined by Massachusetts General Laws Ch. 149, §29.

WHEREFORE, Washington International Insurance Company requests the following relief for declaratory judgment:

1.     That the Bond is exonerated and that the labor and material payment bonds are exonerated and discharged because Artek is an insider, alter-ego, or a family of the "principal's business," J.S. Luiz, III; and

2.     For such equitable relief, plus interest, costs and attorneys' fees.

3.     Such other relief as the Court may deem just and proper.

Respectfully Submitted,
Washington International Insurance
Company,
By its attorneys,

Bradford R. Carver, BBO#565396
Paula-Lee Chambers, BBO#566888
CETRULO & CAPONE, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

Dated: March ⸏, 2005

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Washington International Insurance Co. v. Artek Builders, Inc.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   XX    III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___    V.     150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

_____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

                                              YES     (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)**

                                              YES     (NO)

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**

                                              YES     NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

                                              YES     (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

                                              YES     (NO)

   A.    **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

      EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B.    **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

      (EASTERN DIVISION) *          CENTRAL DIVISION          WESTERN DIVISION

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** Paula-Lee Chambers

**ADDRESS** Cetrulo & Capone, 2 Seaport Lane, Boston, MA 02210

**TELEPHONE NO.** (617) 217-5500

(Cover sheet local.wpd - 11/27/00)

\* Washington International Insurance Company is an out-of-state corporation, and inasmuch as counsel for Washington International is based in Boston, the election of the plaintiff under L.R. 40.1 (D)(2) is the Eastern Division of the Court.

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Washington International Insurance Co.

**DEFENDANTS**

Artek Builders, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Plymouth

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paula-Lee Chambers, Esquire
Cetrulo & Capone, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210 (617) 217-5500

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332 Diversity
The Surety seeks recovery of contract fund balances due and owing under the Performance Bond.

**VII. REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE

March 7, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# EXHIBIT A

**<u>List of Bonds</u>**

1.   Bond No.    S-902-1750

2.   Bond No.    S-902-1719

3.   Bond No.    S-902-1702

4.   Bond No.    S-902-4062

5.   Bond No.    S-902-4779

6.   Bond No.    S-902-4798

7.   Bond No.    S-902-4788

8.   Bond No.    S-902-0049

9.   Bond No.    S-902-0033

# EXHIBIT B

North American Specialty Insurance Company
Washington International Insurance Company

RECEIVED OCT 20 2004

**PROOF OF CLAIM - CONSTRUCTION CONTRACT**

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of _MASSACHUSETTS_

County of _PLYMOUTH_

Bond No. _S-902-1750_

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>No. DARTMOUTH, MA 02747 |
| Affiant's position with claimant    PRESIDENT | |
| Legal status of claimant<br>[X] Corporation    ( ) Partnership    ( ) Individual or d/b/a | Name and address of surety's principal (IF NOT CUSTOMER)<br><br>N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used | Please Check All That Apply |
|---|---|
| MASSPORT L-605-C7 RESIDENTIAL SOUND INSTALLATION, PHASE 100<br>BOSTON, MA | [X] Subcontract    ( ) Purchase order [X] Open account<br>( ) Other _____<br><br>[X] Oral    [X] Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | Original Contract Price    $ | T & M |
| Surety | 9-21-04 | WRITTEN | Extras or adjustments $ | N/A |
| Owner | 9-21-04 | WRITTEN | Paid on account or credits | $270,385.57 |
| Principal | 9-21-04 | WRITTEN | Net Claim | $69,573.32 |

| Date you last furnished labor, material or supplies |
|---|
| SEPTEMBER 15, 2004 |

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

_DIANE M. MERLO_
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on _October 28_, 20_04_, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E. Johnson_
(Notary Public)    GERALD E. JOHNSON
Notary Public
My Commission Expires March 4, 2007
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to a civil penalty.

**MASSACHUSETTS**



Massachusetts Chapter 701 — 1983

## SUBCONTRACT

THIS AGREEMENT made this    10    day of September, 2004      , by and between
.................... J.S. Luiz 3rd, Inc. ....................................

a corporation organized and existing under the laws of ...............................

a partnership consisting of ...................................................

an individual doing business as ...............................................

hereinafter called the "Contractor" and ..... Artek Builders, Inc. .................
................ 26 Prospect Road, Mattapoisett, MA  02739 ...............

a corporation organized and existing under the laws of ... MA .....................

a partnership consisting of ....................................................

an individual doing business as ...............................................
hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter
named, agree as follows:

   1.  The Subcontractor agrees to furnish all labor and materials required for the comple-
tion of all work specified in Section No. ....................................
of the specifications for ... Painting and Carpentry & MISC. WORK (DTD) (new)
$\qquad$(Name of Sub-Trade)

................................................................................

and the plans referred to therein and addenda No. ......., ......., ......., and ........

for the ... Residntial Sound Insulation Program MPA-C7 .... all as prepared by
$\qquad$(complete title of the project and the project number taken from the title page of the specifications)

................ Massachusetts Port Authority ..............................
$\qquad$(Name of Architect or Engineer)

for the sum of ... Time and Material ................. ($.................)
and the Contractor agrees to pay the Subcontractor said sum for said work.  This price
includes the following alternates (and other items set forth in the sub-bid):

   Alternate No(s). .............., .............., .............., ..............,
.............., .............., .............., .............., .............., ..............,

   (a)  The Subcontractor agrees to be bound to the Contractor by the terms of the herein-
before described plans, specifications (including all general conditions stated therein) and
addenda No. ............; ............, and ............, and ............, and to
assume to the Contractor all the obligations and responsibilities that the Contractor by those
documents assumes to the... Massachusetts Port Authority ......................
$\qquad$(Awarding Authority)
hereinafter called the "Awarding Authority", except to the extent that provisions contained
therein are by their terms or by law applicable only to the Contractor.

   (b)  The Contractor agrees to be bound to the Subcontractor by the terms of the herein-
before described documents and to assume to the Subcontractor all the obligations and
responsibilities that the Awarding Authority by the terms of the hereinbefore described-
documents assumes to the Contractor, except to the extent that provisions contained therein
are by their terms or by law applicable only to the Awarding Authority.

   2.  The Contractor agrees to begin, prosecute and complete the entire work specified by
the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

(OVER)

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.  The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.  The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.  This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SEAL
ATTEST

. . . . . . . . . . *Maria Gonzales*

AFEE BUILDERS INC.
(Name of Subcontractor)

By . . . *D. Jane M. Mew* . . .

J. S. Luiz 3rd Inc
(Name of Contractor)

By . . . *Ronald C Med V.P*

THIS STANDARD FORM OBTAINABLE FROM HOBBS & WARREN. INC., BOSTON

## FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C*12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Reins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt Pleasant Street New Bedford - Sewer | 1,641.03 | 0.00 | 1,641.03 | 316.92 | 2,957.95 | 1,127.035 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldg. | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC * Building G Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC - Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz Int'l Inc - Other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:

Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

North American Specialty Insurance Company

Washington International Insurance Company    RECEIVED OCT 2 0 2004

**PROOF OF CLAIM - CONSTRUCTION CONTRACT**

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of MASSACHUSETTS                                          Bond No. S-902-1719

County of PLYMOUTH

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ INC,<br>12 VENTURA DRIVE<br>No. DARTMOUTH, MA 02747 |
| Affiant's position with claimant PRESIDENT | |
| Legal status of claimant<br>[X] Corporation    ( ) Partnership    ( ) Individual or d/b/a | Name and address of surety's principal (IF NOT CUSTOMER)<br>N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used<br>MASSPORT L676-01 RESIDENTIAL SOUND<br>INSTALLATION, PHASE 102<br>BOSTON, MA | Please Check All That Apply<br>[X] Subcontract  ( ) Purchase order [X] Open account<br>( ) Other _____ |
|---|---|

| NOTICE GIVEN | | | | |
|---|---|---|---|---|
| TO | DATE | HOW | [X] Oral  [X] Written (attach copy) | |
| Surety | 9-21-04 | WRITTEN | Computation of claim<br>Original Contract Price | $ T&M |
| Owner | 9-21-04 | WRITTEN | Extras or adjustments $ | N/A |
| Principal | 9-21-04 | WRITTEN | Paid on account or credits | $ 428,632.42 |
| | | | Net Claim | $ 37,453.51 |

Date you last furnished labor, material or supplies

SEPTEMBER 10, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

Diane M. Merlo
(Signature of person making affidavit)

DIANE M MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on October 28 , 20 04 , said subscriber being known to me and known by me to be the person described in the above instrument.

Gerald (Notary Public)

GERALD E. JOHNSON
Notary Public
My Commission Expires: March 1, 2007
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and may also be subject to a civil penalty.



### MASSACHUSETTS



MASSACHUSETTS CHAPTER 701 — 1983

## SUBCONTRACT

THIS AGREEMENT made this  17  day of  December, 2003  , by and between

................ J.S. Luiz 3rd., Inc. ......................................

a corporation organized and existing under the laws of ..... MA ........................

a partnership consisting of .......................................................

an individual doing business as ...................................................

hereinafter called the "Contractor" and ... Artek Builders, Inc. .................

............... 26 Prospect Road, Mattapoisett, MA  02739 ............

a corporation organized and existing under the laws of ... MA ........................

a partnership consisting of .......................................................

an individual doing business as ...................................................

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows:

   1.  The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. ...........................................

of the specifications for ...... Painting and Carpentry ......................
<br>(Name of Sub-Trade)

..............................................................................

and the plans referred to therein and addenda No. ......., ......., ......., and ........

for the .. Residential Sound Insulation Program L676-C1 .. all as prepared by
<br>(complete title of the project and the project number taken from the title page of the specifications)

.................... Cole & Goyette ...........................
<br>(Name of Architect or Engineer)

for the sum of ..... Time and Material ..................... ($............. )

and the Contractor agrees to pay the Subcontractor said sum for said work.  This price includes the following alternates (and other items set forth in the sub-bid):

   Alternate No(s). ..............., ..............., ..............., ...............,

..............., ..............., ..............., ..............., ...............,

   (a)  The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. ..............., ..............., and ..............., and ..............., and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the........ Massachusetts Port Authority ...............
<br>(Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

   (b)  The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

   2.  The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.    The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.    The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.    This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . Artek Builders, Inc. . . . . . . .
(Name of Subcontractor)

By . . . *Diane Merlo* . . . . . . . . . . . . .
Diane Merlo

. . . . . . J.S. Luiz, Inc. . . . . . . . . .
(Name of Contractor)

By . . . *Joseph S. Luiz III* . . . . .
Joseph S. Luiz 3rd

# FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C*12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-Ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford - Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.60 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldng | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BGC - Building 10 Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BGC's Building 9 Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd, Inc.-other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

North American Specialty Insurance Company
Case 1:05-cv-10437-SBA Document 16 Filed 03/08/2005 Page 10 of 25
Washington International Insurance Company

RECEIVED OCT 20 2004

PROOF OF CLAIM - CONSTRUCTION CONTRACT

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of MASSACHUSETTS

Bond No. S-902-1702

County of PLYMOUTH

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISET, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>No. DARTMOUTH, MA 02747 |
| Affiant's position with claimant  PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
| Legal status of claimant<br>[X] Corporation    ( ) Partnership    ( ) Individual or d/b/a | N/A |

Description of services or materials claimed

LABOR, MATERIALS, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used<br>MASSACHUSETTS HIGHWAY DEPARTMENT<br>REPAIR CHEMICAL STORAGE FACILITIES<br><br>DISTRICT 5,   MASSACHUSETTS | Please Check All That Apply<br>[X] Subcontract   ( ) Purchase order [X] Open account<br>( ) Other _____<br><br>[X] Oral        [X] Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | | |
| Surety | 9-21-04 | WRITTEN | Original Contract Price | $ T&M |
| Owner | 9-21-04 | WRITTEN | Extras or adjustments $ | N/A |
| Principal | 9-21-04 | WRITTEN | Paid on account or credits | $ (225,074.35) |
| | | | Net Claim | $ 36,934.55 |

Date you last furnished labor, material or supplies

SEPTEMBER 15, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on October 28, 20 04, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald_
(Notary Public)

GERALD E. JOHNSON
Notary Public
My Commission Expires March 1, 2007
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and may also be subject to a civil penalty.

**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983



SUBCONTRACT

THIS AGREEMENT made this    5    day of    November, 2003    , by and between

................ J. S. Luiz 3rd, Inc..............................

a corporation organized and existing under the laws of ..... MA ........................

a partnership consisting of ...................................................

an individual doing business as ...............................................

hereinafter called the "Contractor" and ... Artek Builders, Inc. ................

.............. 26 Prospect Road, Mattapoisett, MA  02739 .............

a corporation organized and existing under the laws of ..... MA ........................

a partnership consisting of ...................................................

an individual doing business as ...........................................

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows:

    1.   The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. ...........................................

of the specifications for ...... Painting and Carpentry .......................
<br>(Name of Sub-Trade)

...........................................................................

and the plans referred to therein and addenda No. ......., ......., ......., and ........

for the .... Repairs of Chemical Storage Facilities ........ all as prepared by
<br>(complete title of the project and the project number taken from the title page of the specifications)

.............. Massachusetts Highway Department .......................
<br>(Name of Architect or Engineer)

for the sum of ..... Time and Material ................. ($............)

and the Contractor agrees to pay the Subcontractor said sum for said work.  This price includes the following alternates (and other items set forth in the sub-bid):

    Alternate No(s). ............, ............, ............, ............,

............, ............, ............, ............, ............, ............,

    (a)  The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. ............, ............, and ............, and ............, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the..... Massachusetts Highway Department ............
<br>(Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

    (b)  The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

    2.   The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

(OVER)

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3. The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4. The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5. This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

..... Artek Builders, Inc. .......
                (Name of Subcontractor)

By . . . . . . . . . . . . . . . . . . . . . . . . .
        Diane Merlo

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

..... J.S. Luiz, Inc. . . . . . . . . . . . .
                (Name of Contractor)

By . . . . . . . . . . . . . . . . . . . . . . .
        Joseph S. Luiz 3rd

# FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C *12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford - Sewer | 2,641.08 | 0.00 | 2,641.08 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,024.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldg. | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC - Building G1 Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC - Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.SF.Luiz 3rd Inc. + others | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

## North American Specialty Insurance Company
## Washington International Insurance Company
### PROOF OF CLAIM - CONSTRUCTION CONTRACT

RECEIVED OCT 25 2004

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of **MASSACHUSETTS**

County of **PLYMOUTH**

Bond No. **S-902-4062**

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

**ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE**

| Name and address of claimant | Name and address of debtor (YOUR CUSTOMER) |
|---|---|
| ARTEK BUILDERS, INX. 26 PROSPECT ROAD MATTAPOISETT, MA 02739-2154 | J.S. LUIZ, INX. 12 VENTURA DRIVE NO. DARTMOUTH, MA 02747 |

| Affiant's position with claimant **PRESIDENT** | |
|---|---|
| Legal status of claimant (X) Corporation  ( ) Partnership  ( ) Individual or d/b/a | Name and address of surety's principal (IF NOT CUSTOMER) N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used | Please Check All That Apply |
|---|---|
| SOMERSET A.D.A. SCHOOL UPGRADES SOMERSET, MA | (X) Subcontract  ( ) Purchase order (X) Open account  ( ) Other _____ (X) Oral    (X) Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim |
|---|---|---|---|
| **TO** | **DATE** | **HOW** | |
| Surety | 10-6-04 | WRITTEN | Original Contract Price $ T & M |
| Owner | N/A | N/A | Extras or adjustments $ N/A |
| Principal | 9-21-04 | WRITTEN | Paid on account or credits $(2,838.70) |
| | | | Net Claim $ 2,399.11 |

Date you last furnished labor, material or supplies

SEPTEMBER 7, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on _October 28_, 20_04_, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E. Johnson_
(Notary Public)

GERALD E. JOHNSON
Notary Public
My Commission Expires March 4, 2005
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and may also be subject to a civil penalty.

**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983



SUBCONTRACT

THIS AGREEMENT made this    10    day of September, 2004    , by and between

. . . . . . . . . . . . . . . . . . . . . .J.S. Luiz 3rd, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Contractor" and . . . . Artek Builders, Inc. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . 26 Prospect Road, Mattapoisett, MA  02739 . . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . MA . . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows:

1.   The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

of the specifications for . . . Painting and Carpentry & MISC. . . . . . . . . . . . . . . .
                                                                   (Name of Sub-Trade)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

and the plans referred to therein and addenda No. . . . . . . , . . . . . . , . . . . . . , and . . . . . . . .

for the . . . . . . . . Somerset A.D.A. School Upgrades . . . . . . . . . . . . all as prepared by
              (complete title of the project and the project number taken from the title page of the specifications)

. . . . . . . . . . . . . . . . . . Somerset Public Schools . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                   (Name of Architect or Engineer)

for the sum of . . . . Time and Material . . . . . . . . . . . . . . . . . . . . ($ . . . . . . . . . . . . . . . )

and the Contractor agrees to pay the Subcontractor said sum for said work.   This price includes the following alternates (and other items set forth in the sub-bid):

Alternate No(s). . . . . . . . . . . . . , . . . . . . . . . . . . . , . . . . . . . . . . . . , . . . . . . . . . . . . ,

. . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . . ,

(a)  The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. . . . . . . . . . . . , . . . . . . . . . . . , and . . . . . . . . . . , and . . . . . . . . . . . , and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the . . . . . . . . Somerset Public School . . . . . . . . . . . . . . . . . . . . .
                                                                        (Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

(b)  The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

2.   The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.   The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.   The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.   This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

..... *ARTEE BUILDERS INC.* ....
(Name of Subcontractor)

By . *D. Jane M. Mark* ...

SEAL
ATTEST

. . . . . . . . . . . . *Maria Gonzales*

*JSLuiz 3rd, INC* .....
(Name of Contractor)

By *Ronald C. Mark V.P.*

# FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C*12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-Ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603041 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldg | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC - Building G Lobby/Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC - Building 3 Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd, Inc. other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

$1,014,737.78   $4,727.94   $1,019,465.72   $122,335.89   $1,141,801.61

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

**North American Specialty Insurance Company**

**Washington International Insurance Company**

**PROOF OF CLAIM - CONSTRUCTION CONTRACT**    RECEIVED OCT 2 5 2004

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of MASSACHUSETTS

County of PLYMOUTH

Bond No. S-901-4779

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>No. DARTMOUTH, MA 02747 |
| Affiant's position with claimant    PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
| Legal status of claimant<br>[X] Corporation    ( ) Partnership    ( ) Individual or d/b/a | N/A |

| Description of services or materials claimed |
|---|
| LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS |

Project where services or materials used
STOUGHTON DISTRICT COURTHOUSE
INDOOR AIR QUALITY & RENOVATIONS
STOUGHTON, MA

**Please Check All That Apply**
[X] Subcontract    ( ) Purchase order [X] Open account
( ) Other _____

[X] Oral    [X] Written (attach copy)

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | | |
| Surety | 10-6-04 | WRITTEN | Original Contract Price $ | T&M |
| Owner | N/A | N/A | Extras or adjustments $ | N/A |
| Principal | 9-21-04 | WRITTEN | Paid on account or credits $ | 631.65 |
| | | | Net Claim $ | 95.48 |

| Date you last furnished labor, material or supplies |
|---|
| SEPTEMBER 1, 2004 |

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on ___October 28___, 20 04 , said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E. Johnson_
(Notary Public)    Notary Public
My Commission Expires: March 1, 2007
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files a proof of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and may also be subject to a civil penalty.

**MASSACHUSETTS**

Massachusetts Chapter 701 — 1983



## SUBCONTRACT

THIS AGREEMENT made this 10 day of September, 2004 , by and between
....................... J.S. Luiz 3rd, Inc. ................................

a corporation organized and existing under the laws of ...........................

a partnership consisting of ...................................................

an individual doing business as ..............................................

hereinafter called the "Contractor" and .... Artek Builders, Inc. ...............
............... 26 Prospect Road, Mattapoisett, MA 02739 ...............

a corporation organized and existing under the laws of ... MA ........................

a partnership consisting of ................................................

an individual doing business as ..............................................
hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter
named, agree as follows :

1.  The Subcontractor agrees to furnish all labor and materials required for the comple-
tion of all work specified in Section No. ....................................

of the specifications for ... Painting and Carpentry ........................
<span style="font-size:smaller">(Name of Sub-Trade)</span>

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

and the plans referred to therein and addenda No. ......., ......., ......., and ........

for the .......... Stoughton District Courthouse ........... all as prepared by
<span style="font-size:smaller">(complete title of the project and the project number taken from the title page of the specifications)</span>
...... County Commissioners, County of Norfolk ........................
<span style="font-size:smaller">(Name of Architect or Engineer)</span>

for the sum of .... Time and Material ...................... ($...............)
and the Contractor agrees to pay the Subcontractor said sum for said work.  This price
includes the following alternates (and other items set forth in the sub-bid) :

Alternate No(s). ..............., ..............., ..............., ...............,

. . . . . . . . . . . ., . . . . . . . . . . . ., . . . . . . . . . . . ., . . . . . . . . . . . ., . . . . . . . . . . . ., . . . . . . . . . . . .,

(a) The Subcontractor agrees to be bound to the Contractor by the terms of the herein-
before described plans, specifications (including all general conditions stated therein) and
addenda No. ............, ............, and ............, and ............, and to
assume to the Contractor all the obligations and responsibilities that the Contractor by those
documents assumes to the.. County Commissioners, County of Norfolk ........
<span style="font-size:smaller">(Awarding Authority)</span>
hereinafter called the "Awarding Authority", except to the extent that provisions contained
therein are by their terms or by law applicable only to the Contractor.

(b) The Contractor agrees to be bound to the Subcontractor by the terms of the herein-
before described documents and to assume to the Subcontractor all the obligations and
responsibilities that the Awarding Authority by the terms of the hereinbefore described
documents assumes to the Contractor, except to the extent that provisions contained therein
are by their terms or by law applicable only to the Awarding Authority.

2.  The Contractor agrees to begin, prosecute and complete the entire work specified by
the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.  The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.  The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.  This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SEAL
ATTEST
. . . . . . . . . _Mano Gonzalee_ . . . . . . .

. . . . . _ARTEK BUILDERS INC._ . . . . .
(Name of Subcontractor)

By . . _Diane M. Mew_ . . . .

. . . . . . _J. S. Luiz 3rd Inc_ . . . . . .
(Name of Contractor)

By . . _Ronald C M_ . . . . _V.P._

THIS STANDARD FORM OBTAINABLE FROM HOBBS & WARREN, INC., BOSTON

## FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C*12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-Ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.12 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford - Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldng | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC - Building G Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC - Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd, Inc. - other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH and P ($43,354.66) paid to date for all jobs.

North American Specialty Insurance Company
Washington International Insurance Company
**PROOF OF CLAIM - CONSTRUCTION CONTRACT**    RECEIVED OCT 2 5 2004

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of MASSACHUSETTS                    Bond No. S-901-4798

County of PLYMOUTH

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>No. DARTMOUTH, MA 02747 |
| Affiant's position with claimant  PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
| Legal status of claimant<br>(X) Corporation    ( ) Partnership    ( ) Individual or d/b/a | N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used<br>MASSACHUSETTS PORT AUTHORITY<br>EQUIPMENT, SAND/SALT BUILDING<br>BOSTON, MA | Please Check All That Apply<br>(X) Subcontract ( ) Purchase order (X) Open account<br>( ) Other _____<br><br>(X) Oral    (X) Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | Original Contract Price | $ T&M |
| Surety | 10-6-04 | WRITTEN | Extras or adjustments $ | N/A |
| Owner | N/A | N/A | Paid on account or credits | $ 5,065.89 |
| Principal | 9-21-04 | 9-21-04 | Net Claim | $ 438.71 |

Date you last furnished labor, material or supplies

SEPTEMBER 3, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on _October 28_, 20_04_, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E. Johnson_
(Notary Public)    GERALD E. JOHNSON
Notary Public
**My Commission Expires: March 1, 2007**
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.



**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983

SUBCONTRACT

THIS AGREEMENT made this    10    day of September, 2004      , by and between

. . . . . . . . . . . . . . . . . . . . . . . J.S. Luiz 3rd, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Contractor" and . . . . Artek Builders, Inc. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . 26 Prospect Road, Mattapoisett, MA 02739 . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . MA . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows :

1.   The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

of the specifications for . . . Painting and Carpentry . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Name of Sub-Trade)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

and the plans referred to therein and addenda No. . . . . . . , . . . . . . , . . . . . . , and . . . . . . .

for the Equip., Storage Building & Sand/Salt Storage Shed all as prepared by
(complete title of the project and the project number taken from the title page of the specifications)

. . . . . . . . . . . . . . Massachusetts Port Authority . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Name of Architect or Engineer)

for the sum of . . . Time and Material . . . . . . . . . . . . . . . . . . . . . ($ . . . . . . . . . . . . . . . )

and the Contractor agrees to pay the Subcontractor said sum for said work.   This price includes the following alternates (and other items set forth in the sub-bid) :

Alternate No(s). . . . . . . . . . . . . , . . . . . . . . . . . . . , . . . . . . . . . . . . . , . . . . . . . . . . . . ,

. . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . , . . . . . . . . . . ,

(a)  The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. . . . . . . . . . . . , . . . . . . . . . . . , and . . . . . . . . . . . , and . . . . . . . . . . . , and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the . . . . . . . . . Massachusetts Port Authority . . . . . . . . . . . . .
(Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

(b)  The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

2.   The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.   The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.   The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.   This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

..... ARTEK BUILDERS INC. .....
(Name of Subcontractor)

By ...... Diane M. Mew ......

J. S. Luiz 3rd Inc .....
(Name of Contractor)

By ... Ronald C. M___ V.P. ...

# FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C * 12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldng. | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC* Building G Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC* Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S.Luiz 3rd, Inc. - other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | $942,284.98 | $43,354.66 | $985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

## North American Specialty Insurance Company
## Washington International Insurance Company
### PROOF OF CLAIM - CONSTRUCTION CONTRACT

RECEIVED OCT 25 2004

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of MASSACHUSETTS

County of PLYMOUTH

Bond No. S-901-4788

The undersigned, being duly sworn, deposes and says:
I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE

| Name and address of claimant | Name and address of debtor (YOUR CUSTOMER) |
|---|---|
| ARTEK BUILDERS, INC. 26 PROSPECT ROAD MATTAPOISETT, MA 02739-2154 | J.S. LUIZ, INC. 12 VENTURA DRIVE No. DARTMOUTH, MA 02747 |

| Affiant's position with claimant PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
|---|---|
| Legal status of claimant (X) Corporation   ( ) Partnership   ( ) Individual or d/b/a | N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used | Please Check All That Apply |
|---|---|
| BRIDGEWATER STATE COLLEGE CAMPUS CENTER RENOVATIONS BRIDGEWATER, MA | (X) Subcontract   ( ) Purchase order (X) Open account ( ) Other _____ (X) Oral   (X) Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | Original Contract Price | $ T&M |
| Surety | 10-6-04 | WRITTEN | Extras or adjustments $ | N/A |
| Owner | N/A | N/A | Paid on account or credits | $( 725.76 ) |
| Principal | 9-21-04 | WRITTEN | Net Claim | $ 53.93 |

| Date you last furnished labor, material or supplies |
|---|
| MARCH 26, 2004 |

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on ___October 28___, 20 04, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald..._
(Notary Public)

GERALD E. JOHNSON
Notary Public
My Commission Expires: March 1, 2007

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties. COMMONWEALTH OF MASSACHUSETTS ... subject to a civil penalty.

**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983



### SUBCONTRACT

THIS AGREEMENT made this    10   day of September, 2004    , by and between

. . . . . . . . . . . . . . . . . . . . . . . . . J.S. Luiz 3rd, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Contractor" and . . . Artek Builders, Inc. . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . 26 Prospect Road, Mattapoisett, MA  02739. . . . . . . . . . . . . . .

a corporation organized and existing under the laws of . . . MA . . . . . . . . . . . . . . . . . . . . . . . . . .

a partnership consisting of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

an individual doing business as . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows:

1.   The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

of the specifications for . . . Painting and Carpentry. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Name of Sub-Trade)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

and the plans referred to therein and addenda No. . . . . . . , . . . . . . , . . . . . . , and . . . . . . . .

for the . . . . Bridgewater State Rondileau Campus. . . . . . . . . . . . . . all as prepared by
(complete title of the project and the project number taken from the title page of the specifications)

. . . . . . . . . . . Bridgewater State College. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Name of Architect or Engineer)

for the sum of Time and Material . . . . . . . . . . . . . . . . . . . . . . . . . . . ($. . . . . . . . . . . . . . . )
and the Contractor agrees to pay the Subcontractor said sum for said work.   This price
includes the following alternates (and other items set forth in the sub-bid):

Alternate No(s). . . . . . . . . . . . . . , . . . . . . . . . . . . . , . . . . . . . . . . . . . , . . . . . . . . . . . . . ,

. . . . . . . . . . . , . . . . . . . . . . . , . . . . . . . . . . . . , . . . . . . . . . . . . , . . . . . . . . . . . ,

(a)  The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. . . . . . . . . . . . . , . . . . . . . . . . . , and . . . . . . . . . . . . , and . . . . . . . . . . . , and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the. . . . Bridgewater State College. . . . . . . . . . . . . . . . . . . . . . . .
(Awarding Authority)
hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

(b)  The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

2.  The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

(OVER)

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.   The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.   The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.   This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      . . . . AFTEE BUILDERS, INC.
(Name of Subcontractor)

By . . . D. Jane M. Mut.

SEAL
ATTEST

. . . . . . . . . . . . . . . Marie Gonzale      J. S. Luz 3rd Inc
(Name of Contractor)

By . . . Ronald M___ V.P

THIS STANDARD FORM OBTAINABLE FROM HOBBS & WARREN, INC., BOSTON

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

## FINAL JOB BREAKDOWN FOR BONDING COMPANY

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C * 12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-Ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt Pleasant Street New Bedford - Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldng | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC Building G Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd Inc. Others | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

North American Specialty Insurance Company
Washington International Insurance Company
**PROOF OF CLAIM - CONSTRUCTION CONTRACT**

RECEIVED OCT 2 5 2004

Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.

State of  MASSACHUSETTS                                   Bond No. S-902-0049

County of  PLYMOUTH

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>NO. DARTMOUTH, MA 02747 |
| Affiant's position with claimant  PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
| Legal status of claimant<br>(X) Corporation    ( ) Partnership    ( ) Individual or d/b/a | N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used<br>CAMP EDWARDS - EST BUILDING<br>BOURNE, MA | Please Check All That Apply<br>(X) Subcontract    ( ) Purchase order (X) Open account<br>( ) Other _____<br><br>(X) Oral      (X) Written (attach copy) |

| | NOTICE GIVEN | | Computation of claim |
|---|---|---|---|
| TO | DATE | HOW | |
| Surety | 10-6-04 | WRITTEN | Original Contract Price  $ T & M |
| Owner | N/A | N/A | Extras or adjustments $  N/A |
| Principal | 9-21-04 | WRITTEN | Paid on account or credits $ 329.28 |
| | | | Net Claim  $ 24.47 |

Date you last furnished labor, material or supplies
MAY 14, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M. Merlo_
(Signature of person making affidavit)

PLYMOUTH, SS.

DIANE  M.  MERLO
(Typewritten or printed name of person making affidavit)

Signed and sworn to before me on  October 28 , 20 04 , said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E. Johnson_
(Notary Public)                    Notary Public
GERALD E. JOHNSON

**My Commission Expires: March 1, 2007**
Commonwealth of Massachusetts

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and may also be subject to a civil penalty.

**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983



SUBCONTRACT

THIS AGREEMENT made this  30    day of  October, 2003        , by and between
................J.S. Luiz 3rd., Inc...............................................
a corporation organized and existing under the laws of .....MA.........................
a partnership consisting of ...............................................
an individual doing business as ...............................................
hereinafter called the "Contractor" and ...Artek Builders, Inc...................
................26 Prospect Road, Mattapoisett, MA  02739.............
a corporation organized and existing under the laws of .MA.........................
a partnership consisting of ...............................................
an individual doing business as ...............................................
hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter
named, agree as follows:

1.  The Subcontractor agrees to furnish all labor and materials required for the comple-
tion of all work specified in Section No. ...............................................
of the specifications for ......Painting and Carpentry............................

(Name of Sub-Trade)

...............................................
and the plans referred to therein and addenda No. ......., ......., ......., and ........
for the ..Construct the EST Building, Camp Edwards....... all as prepared by

(complete title of the project and the project number taken from the title page of the specifications)

......Military Division - State Quartermaster's Office...............

(Name of Architect or Engineer)

for the sum of .....Time and Material................... ($...............)
and the Contractor agrees to pay the Subcontractor said sum for said work.  This price
includes the following alternates (and other items set forth in the sub-bid):

Alternate No(s). .............., .............., .............., .............,
............, ............, ............, ............, ............, ............,

(a)  The Subcontractor agrees to be bound to the Contractor by the terms of the herein-
before described plans, specifications (including all general conditions stated therein) and
addenda No. ............, ............, and ............, and ............, and to
assume to the Contractor all the obligations and responsibilities that the Contractor by those
documents assumes to the....Military Division - State Quartermaster's Office

(Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained
therein are by their terms or by law applicable only to the Contractor.

(b)  The Contractor agrees to be bound to the Subcontractor by the terms of the herein-
before described documents and to assume to the Subcontractor all the obligations and
responsibilities that the Awarding Authority by the terms of the hereinbefore described-
documents assumes to the Contractor, except to the extent that provisions contained therein
are by their terms or by law applicable only to the Awarding Authority.

2.  The Contractor agrees to begin, prosecute and complete the entire work specified by
the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

(OVER)

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.    The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.    The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.    This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . Artek Builders, Inc. . . . . . . .
(Name of Subcontractor)

By . . . . *Diane Merlo* . . . . . . . . . . . . .
Diane Merlo

. . . . . . . J.S. Luiz, Inc. . . . . . . . . . . . .
(Name of Contractor)

By . . . . *Joseph S. Luiz III* . . . .
Joseph S. Luiz 3rd

## FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C*12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C7 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 503641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford - Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldg. | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC Building G Lobby Wall Covering | 961.13 | 0.00 | 961.13 | 117.74 | 1,098.87 | 961.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd. Inc. - other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.

North American Specialty Insurance Company
Washington International Insurance Company
### PROOF OF CLAIM - CONSTRUCTION CONTRACT

RECEIVED OCT 25 2004

*Submission of this proof of claim does not constitute acceptance of your claim or a waiver of the surety's defenses.*

State of MASSACHUSETTS                    Bond No. S-902-0033

County of PLYMOUTH

The undersigned, being duly sworn, deposes and says:

I hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

| ALL ITEMS BELOW MUST BE COMPLETED. IF NONE, OR NOT APPLICABLE, PLEASE SO STATE | |
|---|---|
| Name and address of claimant<br>ARTEK BUILDERS, INC.<br>26 PROSPECT ROAD<br>MATTAPOISETT, MA 02739-2154 | Name and address of debtor (YOUR CUSTOMER)<br>J.S. LUIZ, INC.<br>12 VENTURA DRIVE<br>NO. DARTMOUTH, MA 02747 |
| Affiant's position with claimant   PRESIDENT | Name and address of surety's principal (IF NOT CUSTOMER) |
| Legal status of claimant<br>[X] Corporation   ( ) Partnership   ( ) Individual or d/b/a | N/A |

Description of services or materials claimed

LABOR, MATERIAL, OVERHEAD, PROFIT, ALL JOB COSTS

| Project where services or materials used<br>WALK TO SEA PARK<br>BARNSTABLE, MA | Please Check All That Apply |
|---|---|
| | [X] Subcontract   ( ) Purchase order  [X] Open account<br>( ) Other _____ |
| | [X] Oral    [X] Written (attach copy) |

| NOTICE GIVEN | | | Computation of claim | |
|---|---|---|---|---|
| TO | DATE | HOW | Original Contract Price | $ T&M |
| Surety | 10-6-04 | WRITTEN | Extras or adjustments $ | N/A |
| Owner | N/A | N/A | Paid on account or credits | $ 6,932.19 |
| Principal | 9-21-04 | WRITTEN | Net Claim | $ 515.15 |

Date you last furnished labor, material or supplies

JUNE 10, 2004

This affidavit is made in support of the above described claim against, and for the purpose of inducing, Washington International Insurance Company, as surety for the principal, to pay said claim under the bond which it executed as surety for said principal.

Claimant has satisfied in full all claims for labor, materials, supplies and other things of value which were purchased, furnished, fabricated or supplied by it for use in connection with the aforesaid contract, except those noted on the attached exhibit. No such payments have been made by notes which are unpaid at this time.

Except as noted on the attached exhibit, there are no setoffs, counterclaims, backcharges, or other credits due the principal against said claim, claimant is not indebted to the principal on this or any other account, and claimant does not hold any note or security of any kind whatsoever for said debt.

Claimant hereby agrees that all guarantees and warranties required under the terms of the aforesaid contract pertaining to the work, labor and materials furnished by claimant shall remain in full force and effect in accordance with their terms.

A copy of the subcontract or purchase order and copies of delivery tickets or other evidence of receipt of claimant=s materials or services are attached and made a part of this affidavit.

A copy of each written notice and sworn statement which has been given is attached and made a part of this affidavit.

_Diane M Merlo_
(Signature of person making affidavit)

DIANE M. MERLO
(Typewritten or printed name of person making affidavit)

PLYMOUTH, SS.

Signed and sworn to before me on _October 28_, 20_04_, said subscriber being known to me and known by me to be the person described in the above instrument.

_Gerald E Johnson_
(Notary Public)

GERALD E JOHNSON
Notary Public
My Commission Expires: March 1, 2007

Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals information for the purpose of misleading, concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**MASSACHUSETTS**

MASSACHUSETTS CHAPTER 701 — 1983



SUBCONTRACT

THIS AGREEMENT made this    6    day of January, 2004    , by and between

................ J.S. Luiz 3rd., Inc. ......................................

a corporation organized and existing under the laws of ..... MA ..........................

a partnership consisting of .................................................

an individual doing business as ...........................................

hereinafter called the "Contractor" and ... Artek Builders, Inc. .................

................ 26 Prospect Road, Mattapoisett, MA 02739 .............

a corporation organized and existing under the laws of ... MA ..........................

a partnership consisting of .................................................

an individual doing business as ...........................................

hereinafter called the "Subcontractor",

WITNESSETH that the Contractor and the Subcontractor for the considerations hereafter named, agree as follows:

1.   The Subcontractor agrees to furnish all labor and materials required for the completion of all work specified in Section No. ..................................................

of the specifications for ...... Painting and Carpentry ..........................
(Name of Sub-Trade)

...............................................................................

and the plans referred to therein and addenda No. ......., ......., ......., and ........

for the ..... Walk to Sea Park .............................. all as prepared by
(complete title of the project and the project number taken from the title page of the specifications)

.......... Camp Dresser & McKee, Inc. ..................................
(Name of Architect or Engineer)

for the sum of ..... Time and Material ...................... ($................)
and the Contractor agrees to pay the Subcontractor said sum for said work.   This price includes the following alternates (and other items set forth in the sub-bid):

Alternate No(s). ..............., ..............., ..............., ...............,

..............., ..............., ..............., ..............., ..............., ...............,

(a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. ..............., ..............., and ..............., and ..............., and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the..... Town of Barnstable ...........................
(Awarding Authority)

hereinafter called the "Awarding Authority", except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.

(b) The Contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.

2.   The Contractor agrees to begin, prosecute and complete the entire work specified by the Awarding Authority in an orderly manner so that the Subcontractor will be able to begin,

(OVER)

prosecute and complete the work described in this subcontract; and, in consideration thereof, upon notice from the Contractor, either oral or in writing, the Subcontractor agrees to begin, prosecute and complete the work described in this Subcontract in an orderly manner and with due consideration to the date or time specified by the Awarding Authority for the completion of the entire work.

3.  The Subcontractor agrees to furnish to the Contractor within a reasonable time after the execution of this subcontract, evidence of workmen's compensation insurance as required by law and evidence of public liability and property damage insurance of the type and in limits required to be furnished to the Awarding Authority by the Contractor.

4.  The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated.

5.  This agreement is contingent upon the execution of a general contract between the Contractor and the Awarding Authority for the complete work.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above-written.

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          . . . . . Artek Builders, Inc. . . . . . . .
                                                                                        (Name of Subcontractor)

                                                                   By . . *Diane Merlo* . . . . . . . . . . .
                                                                            Diane Merlo

SEAL
ATTEST

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          . . . . . J.S. Luiz, Inc. . . . . . . . . . . .
                                                                                        (Name of Contractor)

                                                                   By . . *Joseph S. Luiz III* . . .
                                                                            Joseph S. Luiz 3rd

# FINAL JOB BREAKDOWN FOR BONDING COMPANY

ARTEK BUILDERS, INC. - J.S. LUIZ JOBS
Page 1 of 1

| BOND | | A LABOR | B MATERIAL | C (A+B) SUBTOTAL | D (C * 12%) OVERHEAD & PROFIT | E (C+D) TOTAL JOB VALUE | F PAID TO DATE labor & material | G *** PAID TO DATE overhead & profit | H (F+G) TOTAL PAID TO DATE | I (E-H) OUTSTANDING BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| NO | Dartmouth Sewer Tie-Ins | 803.52 | 0.00 | 803.52 | 96.42 | 899.94 | 803.52 | 34.17 | 837.69 | 62.25 |
| YES | Massport L676-C1 Residential Sound Work | 415,303.54 | 844.61 | 416,148.15 | 49,937.78 | 466,085.93 | 410,934.95 | 17,697.47 | 428,632.42 | 37,453.51 |
| YES | Massport L605-C1 Residential Sound Work | 303,491.98 | 42.75 | 303,534.73 | 36,424.17 | 339,958.90 | 257,477.20 | 12,908.37 | 270,385.57 | 69,573.32 |
| YES | M.H.D. 603641 - Chemical Storage Facilities | 232,285.02 | 1,651.50 | 233,936.52 | 28,072.38 | 262,008.90 | 215,125.77 | 9,948.58 | 225,074.35 | 36,934.55 |
| NO | Mt. Pleasant Street New Bedford - Sewer | 2,641.03 | 0.00 | 2,641.03 | 316.92 | 2,957.95 | 1,270.35 | 112.31 | 1,382.66 | 1,575.29 |
| NO | Rainbow Kids - Norton | 41,180.84 | 1,715.03 | 42,895.87 | 5,147.50 | 48,043.37 | 39,307.21 | 1,824.23 | 41,131.44 | 6,911.94 |
| YES | Somerset A.D.A. School Upgrades | 4,676.62 | 0.00 | 4,676.62 | 561.19 | 5,237.81 | 2,639.82 | 198.88 | 2,838.70 | 2,399.11 |
| YES | Stoughton Court House | 649.22 | 0.00 | 649.22 | 77.91 | 727.13 | 604.04 | 27.61 | 631.65 | 95.48 |
| YES | Massport D137-C2 Equip. Sand/Salt Bldg. | 4,898.82 | 16.00 | 4,914.82 | 589.78 | 5,504.60 | 4,856.88 | 209.01 | 5,065.89 | 438.71 |
| NO | BCC: Building G Lobby Wall Covering | 981.13 | 0.00 | 981.13 | 117.74 | 1,098.87 | 981.13 | 41.72 | 1,022.85 | 76.01 |
| NO | BCC: Building G Renovations | 172.04 | 0.00 | 172.04 | 20.64 | 192.68 | 172.04 | 7.32 | 179.36 | 13.33 |
| YES | Bridgewater State Rondileau Campus | 696.15 | 0.00 | 696.15 | 83.54 | 779.69 | 696.15 | 29.61 | 725.76 | 53.93 |
| YES | Camp Edwards - Bourne - EST Building | 315.85 | 0.00 | 315.85 | 37.90 | 353.75 | 315.85 | 13.43 | 329.28 | 24.47 |
| YES | Walk to the Sea - Barnstable 203017 | 6,191.36 | 458.05 | 6,649.41 | 797.93 | 7,447.34 | 6,649.41 | 282.78 | 6,932.19 | 515.15 |
| NO | J.S. Luiz 3rd, Inc. - Other | 450.66 | 0.00 | 450.66 | 54.08 | 504.74 | 450.66 | 19.17 | 469.83 | 34.91 |
| | | $1,014,737.78 | $4,727.94 | $1,019,465.72 | $122,335.89 | $1,141,801.61 | 942,284.98 | 43,354.66 | 985,639.64 | 156,161.97 |

*** Each job calculated as follows:
Individual job value (column E) divided by total of all jobs ($1,141,801.61) multiplied by the total OH & P ($43,354.66) paid to date for all jobs.