UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

CASE NUMBER: 05CV10437 GAO

| WASHINGTON INTERNATIONAL INSURANCE COMPANY, **Plaintiff** vs. ARTEK BUILDERS, INC. **Defendant** |
|---|

### ANSWER AND COUNTERCLAIM OF DEFENDANT ARTEK BUILDERS, INC.

Now comes the Defendant, Artek Builders, Inc., in the above-entitled action and files its answer to the Plaintiff's Complaint, and its Counterclaim against Plaintiff, as follows.

1. Defendant neither admits nor denies the allegations of Paragraph One of the plaintiff's complaint and calls upon the plaintiff to prove the same.
2. Defendant admits the allegations of Paragraph Two of the plaintiff's complaint.
3. Defendant admits the allegations of Paragraph Three of the plaintiff's complaint.
4. Defendant admits the allegations of Paragraph Four of the plaintiff's complaint.
5. Defendant admits the allegations of Paragraph Five of the plaintiff's complaint.
6. Defendant admits the allegations of Paragraph Six of the plaintiff's complaint.
7. Defendant denies each and every allegation of Paragraph Seven of the plaintiff's complaint.
8. Defendant admits the allegations of Paragraph Eight of the plaintiff's complaint.
9. Defendant denies each and every allegation of Paragraph Nine of the plaintiff's complaint.
10. Defendant denies each and every allegation of Paragraph Ten of the plaintiff's complaint.

11. Defendant denies each and every allegation of Paragraph Eleven of the plaintiff's complaint.

12. Defendant admits the allegations of Paragraph Twelve of the plaintiff's complaint.

13. Defendant admits the allegations of Paragraph Thirteen of the plaintiff's complaint.

## COUNT I

14. Defendant reiterates its answers to Paragraphs One through Thirteen of the plaintiff's complaint and incorporates said answers by reference herein. Defendant asserts that the reference to "St. Paul" in Paragraph Fourteen of the plaintiff's complaint is a clerical error and therefore does not respond to it.

15. Admitted in part and denied in part. Defendant admits that an actual controversy exists between plaintiff and defendant, Artek Builders, Inc., but denies that such a controversy exists by virtue of all the allegations made in Paragraphs One through Thirteen of the plaintiff's complaint.

16. Defendant neither admits nor denies the allegations of Paragraph Sixteen of the plaintiff's complaint, but denies such allegations of said paragraph as may constitute a legal conclusion.

17. Defendant denies the allegations of Paragraph Seventeen of the plaintiff's complaint.

WHREFORE, Defendant Artek Builders, Inc. respectfully requests the following relief:

1. That this Honorable Court issue a declaratory judgment stating that the bond is valid and in full force and effect, and that the labor and material payment bonds are not discharged, because Artek is an independent corporation with an adversarial relationship to J.S. Luis 3rd Corp.;

2. That this Court award defendant, Artek Builders, Inc. its interests, costs and attorneys fees; and

3. Such other and further relief as this Court may deem appropriate and just.

## **COUNTERCLAIM**

1.  Defendant and Plaintiff-in-Counterclaim, Artek Builders, Inc. (hereinafter called "Artek") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 26 Prospect Road, Mattapoisett, Massachusetts 02739.

2.  Plaintiff and Defendant-in-Counterclaim, Washington International Insurance Company (hereinafter called "WIIC"), is a corporation organized under the laws of the State of Illinois with a principal place of business at 300 Park Boulevard, Suite 500, Itasca, Illinois.

3.  J. S. Luiz 3rd, Inc. (hereinafter called "Luiz"), is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 12 Ventura Drive, Dartmouth, MA 02747.

4.  On or about April 14, 2000 Artek was incorporated, primarily for the purpose of providing an independent source of labor for construction projects generated by Luiz. Originally, Joseph S. Luiz was the President, Treasurer, Clerk, and sole director and shareholder of Artek.

5.  On or about May 1, 2000, Joseph S. Luiz resigned as an officer and director of Artek and authorized his 100 shares of Artek stock to be transferred to a Luiz employee, Shirley Cormier. Simultaneously, Ms. Cormier was elected President, Treasurer, Clerk, and sole Director of Artek.

6.  On or about September 9, 2003, Shirley Cormier resigned as an officer and director of Artek and authorized her 100 shares of Artek stock to be transferred to Diane M. Merlo.

Simultaneously, Ms. Merlo was elected President, Treasurer, Clerk and sole Director of Artek.

7. The consideration for the transfer of Artek's corporate positions and stock ownership to Diane M. Merlo was to separate Artek from Luiz and allow Artek to function as a company independent of Luiz.

8. At all times material hereto under the management of Diane M. Merlo as Artek's President, Treasurer, Clerk, sole director, and sole shareholder, Artek has been responsible for paying all its employees' Federal and state payroll withholding, unemployment taxes, Worker's Compensation and casualty insurance, and other expenses associated with providing labor on construction projects.

9. Commencing October 30, 2003 through September 10, 2004, Luiz entered into a series of nine subcontracts with Artek for which WIIC executed performance and payment bonds on behalf of Luiz as described in Exhibits "A" and "B" of WIIC's Complaint herein.

10. Artek's employees performed all the work called for in said subcontracts and Artek billed Luiz for labor, material, overhead, profit, and all associated job costs for each project, in accordance with the prior custom and practice between the two companies.

11. For the above-described nine subcontracts, Artek billed Luiz a total of $1,088,104.05, against which Luiz has made payments to Artek of $940,615.81.

12. Luiz owes Artek the balance of $147,488.24 on the said nine subcontracts. Luiz has failed and refused to pay said balance due as agreed.

13. Because Artek has no other source of revenues, it has been unable to pay all of the government withholding taxes, unemployment taxes, and mandated insurance for which it is

legally responsible, is delinquent on the payment of said obligations, and is incurring substantial interest and penalties pending payment on the surety bonds or the underlying obligations.

14. Artek gave timely statutory notice on enforcement of its claim on the nine subcontracts in question to the contractor, Luiz, prior to filing this Counterclaim

15. Artek made a timely demand upon WIIC to enforce the bonds on behalf of Luiz after Luiz defaulted on its contractual obligations, and filed nine proofs of claim with WIIC on or about October 28, 2004.

16. This Counterclaim constitutes a petition to enforce a claim pursuant to G.L. c. 149, § 29 against Luiz and WIIC within one year after the day on which Artek last perfomed labor and furnished labor, material, equipment, appliances or transportation for each of its nine subcontracts with Luiz.

17. Having issued labor and material payment bonds on behalf of Luiz, WIIC is liable for Luiz' failure to meet its contractual obligations to Artek.

WHEREFORE, Artek respectfully demands that this Honorable Court enter judgment on its Counterclaim against WIIC for the following relief:

1) To award the sum of $147,488.24 to Artek as compensatory damages, plus reasonable attorneys' fees pursuant to G.L. c. 149, § 29, interest, and costs of suit;

2) To enter a declaratory judgment that all of WIIC's surety bonds are in full force and effect, and that WIIC's Complaint is dismissed; and

3) Any further relief this Court deems appropriate and just.

Respectfully submitted,
Artek Builders, Inc.
By its attorney:

*/s/ Gerald E. Johnson*

Gerald E. Johnson, BBO# 252460
Swansea Professional Park
1010 Grand Army Highway
Swansea, MA 02777
(508) 678-5600

Dated: April 4, 2005

## CERTIFICATE OF SERVICE

I, Gerald E. Johnson, counsel for defendant, hereby certify that I have served the foregoing Answer and Counterclaim upon the plaintiff by mailing a copy, first class mail, to the offices of its attorney, Paula Lee Chambers, of Cetrulo & Capone, LLP, Two Seaport Lane, 10th Floor, Boston, MA 02210, this 4th day of April, 2005.

*/s/ Gerald E. Johnson*