UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05CV10437 GAO

WASHINGTON INTERNATIONAL
INSURANCE COMPANY,
   Plaintiff
vs.

ARTEK BUILDERS, INC.
   Defendant

### DEFENDANT'S MOTION TO IMPLEAD THIRD-PARTY DEFENDANT

Now comes the Defendant, Artek Builders, Inc. in the above-entitled action and moves this Honorable Court for leave, as third-party plaintiff, to cause to be served upon J. S. Luiz 3rd, Inc., a Massachusetts corporation with a principal place of business at 12 Ventura Drive, Dartmouth, MA 02747, a summons and third-party complaint, copies of which are hereto attached as Exhibit "X".

The ground for this motion is that the said J. S. Luiz 3rd, Inc. is a necessary party to this action who is liable to the third-party plaintiff for all of the plaintiff's claim against the third-party plaintiff. *F.R.C.P. Rule 14(a)*.

Signed: _____
Gerald E. Johnson, Esquire
Address: 1010 Grand Army Highway
Swansea, Massachusetts 02777
Tel. (508) 678-5600
BBO# 252460

Dated: June 17, 2005

EXHIBIT "X"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05CV10437 GAO

| |
|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, <br> **Plaintiff** <br> vs. <br><br> ARTEK BUILDERS, INC. <br> **Defendant** <br> vs. <br><br> J. S. LUIZ 3rd, INC. |

## THIRD-PARTY COMPLAINT

Plaintiff Washington International Insurance Company has filed against defendant Artek Builders, Inc. a complaint, a copy of which is hereto attached as "Exhibit A". Now comes the Third-Party Plaintiff, Artek Builders, Inc., in the above-entitled action and files its Complaint against the Third-Party Defendant, J. S. Luiz, 3rd, Inc.

1.   Third-Party Plaintiff, Artek Builders, Inc. (hereinafter called "Artek") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 26 Prospect Road, Mattapoisett, Massachusetts 02739.

2.   Plaintiff, Washington International Insurance Company (hereinafter called "WIIC"), is a corporation organized under the laws of the State of Illinois with a principal place of business at 300 Park Boulevard, Suite 500, Itasca, Illinois.

3. Third-Party Defendant J. S. Luiz 3rd, Inc. (hereinafter called "Luiz"), is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 12 Ventura Drive, Dartmouth, MA 02747.

4. On or about April 14, 2000 Artek was incorporated, primarily for the purpose of providing an independent source of labor for construction projects generated by Luiz. Originally, Joseph S. Luiz was the President, Treasurer, Clerk, and sole director and shareholder of Artek.

5. On or about May 1, 2000, Joseph S. Luiz resigned as an officer and director of Artek and authorized his 100 shares of Artek stock to be transferred to a Luiz employee, Shirley Cormier. Simultaneously, Ms. Cormier was elected President, Treasurer, Clerk, and sole Director of Artek.

6. On or about September 9, 2003, Shirley Cormier resigned as an officer and director of Artek and authorized her 100 shares of Artek stock to be transferred to Diane M. Merlo. Simultaneously, Ms. Merlo was elected President, Treasurer, Clerk and sole Director of Artek.

7. The consideration for the transfer of Artek's corporate positions and stock ownership to Diane M. Merlo was to separate Artek from Luiz and allow Artek to function as a company independent of Luiz.

8. At all times material hereto under the management of Diane M. Merlo as Artek's President, Treasurer, Clerk, sole director, and sole shareholder, Artek has been responsible for paying all its employees' Federal and state payroll withholding, unemployment taxes,

Worker's Compensation and casualty insurance, and other expenses associated with providing labor on construction projects.

9.  Commencing October 30, 2003 through September 10, 2004, Luiz entered into a series of nine subcontracts with Artek for which WIIC executed performance and payment bonds on behalf of Luiz as described in Exhibits "A" and "B" of WIIC's Complaint.

10. Artek's employees performed all the work called for in said subcontracts and Artek billed Luiz for labor, material, overhead, profit, and all associated job costs for each project, in accordance with the prior custom and practice between the two companies.

11. For the above-described nine subcontracts, Artek billed Luiz a total of $1,088,104.05, against which Luiz has made payments to Artek of $940,615.81.

12. Luiz owes Artek the balance of $147,488.24 on the said nine subcontracts. Luiz has failed and refused to pay said balance due as agreed.

13. Because Artek has no other source of revenue, it has been unable to pay all of the government withholding taxes, unemployment taxes, and mandated insurance for which it is legally responsible, is delinquent on the payment of said obligations, and is incurring substantial interest and penalties pending payment on the surety bonds or the underlying obligations.

14. Artek gave timely statutory notice on enforcement of its claim on the nine subcontracts in question to the contractor, Luiz.

15. Artek made a timely demand upon WIIC to enforce the bonds on behalf of Luiz after Luiz defaulted on its contractual obligations, and filed nine proofs of claim with WIIC on or about October 28, 2004.

16. On or about April 4, 2005 Artek filed a Counterclaim against WIIC as a petition to enforce a claim pursuant to G.L. c. 149, § 29 against Luiz and WIIC within one year after the day on which Artek last performed labor and furnished labor, material, equipment, appliances or transportation for each of its nine subcontracts with Luiz.

17. If this Court should find that WIIC is not liable for Luiz' failure to meet its contractual obligations to Artek and discharges the bonds, then as a result of its failure to make payment to Artek, Luiz is liable to Artek for all sums that may be adjudicated against WIIC on Artek's Counterclaim.

WHEREFORE, Artek respectfully demands that this Honorable Court enter judgment on this Complaint against Luiz for the following relief:

1) To award the sum of $147,488.24 to Artek against Luiz as compensatory damages, plus reasonable attorneys' fees pursuant to G.L. c. 149, § 29, interest, and costs of suit; and

2) Any further relief this Court deems appropriate and just.

Respectfully submitted,
Artek Builders, Inc.
By its attorney:

_____
Gerald E. Johnson, BBO# 252460
Swansea Professional Park
1010 Grand Army Highway
Swansea, MA 02777
(508) 678-5600

Dated: June 17, 2005

## CERTIFICATE OF SERVICE

    I, Gerald E. Johnson, counsel for defendant, hereby certify that I have served the foregoing Motion to Implead Third-Party Defendant, Certification of Counsel, Memorandum in Support of Defendant's Motion to Implead Third-Party Defendant, and Third-Party Complaint upon the plaintiff by mailing a copy, first class mail, to the offices of its attorney, Paula Lee Chambers, of Cetrulo & Capone, LLP, Two Seaport Lane, 10th Floor, Boston, MA 02210, this 17th day of June, 2005.

*/s/ Gerald E. Johnson*