UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05CV10437 GAO

WASHINGTON INTERNATIONAL
INSURANCE COMPANY,
    Plaintiff

vs.

ARTEK BUILDERS, INC.
    Defendant

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO IMPLEAD THIRD-PARTY DEFENDANT**

Defendant Artek Builders, Inc. has moved this Court for leave to implead a third-party defendant, J. S. Luiz 3rd, Inc. Over ten days having elapsed since the filing of defendant's answer in this action, said third-party complaint requires the leave of this Court. *F.R.C.P. Rule 14(a).* Generally, Rule 14 should be liberally construed to effectuate its intended purpose of accomplishing in one proceeding the adjudication of rights of all persons concerned in the controversy. *SmithKlineBeckman Corp. v. Pennex Products Co., Inc., 103 F.R.D. 539 (D.C. Pa. 1984).*

In the instant case, a reading of the third-party complaint demonstrates that the third-party defendant is potentially liable to the defendant and third-party plaintiff and should be impleaded. The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. *Consolidated Rail Corp. v. Metz, 115 F.R.D. 216 (D.C. S.D.N.Y. 1987).* Were it not for the failure to make legitimate payments engaged in by the

proposed third-party defendant, J.S. Luiz 3rd, Inc., there would have been no necessity for the plaintiff and third-party plaintiff in this case to engage in litigation.

The First Circuit has held that where a defendant seeks leave of court to implead a third-party, the determination is left to the informed discretion of the district court, which should allow impleader on an colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings. *Lehman v. Revolution Portfolio LLC,* 166 F.3d 389, 393 (1st Cir. 1999). As Justice Selya stated in *Lehman,* a district court must oversee third-party practice with the core purpose of Rule 14(a) in mind: avoiding unnecessary duplication and circuity of action. As long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution. *Lehman v. Revolution Portfolio LLC, supra at 395.*

                                       Respectfully submitted,

                                       /s/ Gerald E. Johnson
                                       Attorney for Defendant Artek Builders, Inc.

Gerald E. Johnson, BBO# 252460

1010 Grand Army Highway

Swansea, MA 02777

Tel. (508) 678-5600