UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05CV10437GAO

WASHINGTON INTERNATIONAL INSURANCE
COMPANY,
    Plaintiff

v.

ARTEK BUILDERS, INC.
    Defendant/Third Party Plaintiff

v.

J.S. LUIZ, 3RD, INC.
    Third Party Defendant

### MEMORANDUM IN SUPPORT OF THIRD PARTY DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS THIRD PARTY COMPLAINT

Third Party Defendant J.S. Luiz 3rd, Inc. seeks to strike and/or dismiss the Third Party Complaint against it as improper under F.R.C.P. 14.

This suit was initially brought by Plaintiff Washington International Insurance Company against Defendant Artek Builders, Inc. for a declaratory judgment that it has no liability to Artek Builders under payment bonds that were issued on various construction projects. There was no claim to damages. Artek Builders later brought a Third Party Complaint against J.S. Luiz, the general contractor on the projects. Artek Builders claimed that if Washington International is not liable on the bonds, then J.S. Luiz is liable to Artek Builders in damages. J.S. Luiz denies that it owes any monies to Artek Builders on the projects.

Under F.R.C.P. 14(a), a third party complaint is permissible when "a person not a party to the action . . . is or may be liable to the third party plaintiff for all or part of <u>the plaintiff's claim against the third party plaintiff</u>." (emphasis added) The rule applies when a non-party "may be obligated to reimburse the party defending the claim for some or all of that party's liability." Baicker-McKee, et al, <u>Federal Civil Rules Handbook</u>, p. 401 (2005). "Typically, a person is joined because that person, as a guarantor of some transaction, has an obligation to indemnify a party if the party is forced to pay on a claim." <u>Id</u>.

Here, Washington International has no claim for payment against Artek Builders. Under no circumstances will Artek Builders be required to pay monies in connection with Washington International's claim. If any monies are to be paid, the payment will be <u>to Artek Builders</u> from Washington International after a declaration of rights in Artek Builders' favor. In that Artek Builders will not be making a payment, there will be no need for or right to reimbursement (for indemnity, contribution, or any other reason) via third party complaint. Thus, there is no basis for a third party complaint to proceed under F.R.C.P. 14.

For these reasons, this Court should strike and/or dismiss Artek Builders' Third Party Complaint.

                      Third Party Defendant
                      By its Attorneys,

                      LAW OFFICES OF
                      BEAUREGARD, BURKE & FRANCO

                      /s/ Michael Franco
                      PHILIP N. BEAUREGARD BBO#034780
                      MICHAEL FRANCO BBO#567091
                      32 William Street
                      New Bedford, MA 02740
                      Tel. No. (508) 993-0333

Dated: November 23, 2005

## RULE 7.1 CERTIFICATE

I, MICHAEL FRANCO, certify that I conferred with Third Party Plaintiff's counsel, Attorney Gerald Johnson, in an effort to narrow or resolve the issues underlying this motion.

Michael Franco
/s/
MICHAEL FRANCO BBO# 567091

CERTIFICATE OF SERVICE

    I, MICHAEL FRANCO, hereby certify that I have served a true copy of Third Party Defendant's Motion to Dismiss and/or Strike Third Party Complaint and Memorandum of Law in Support of Third Party Defendant's Motion to Dismiss and/or Strike Third Party Complaint to Gerald E. Johnson, 1010 GAR Highway, Swansea, MA and Paula-Lee Chambers, Hinshaw & Culbertson, LLP, One International Square, Boston, via first-class mail this 23rd day of November 2005.

                                                          /s/ Michael Franco
                                                          _____
                                                          MICHAEL FRANCO BBO #567091