UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05CV10437 GAO

WASHINGTON INTERNATIONAL
INSURANCE COMPANY,
      Plaintiff

vs.

ARTEK BUILDERS, INC.
      Defendant/Third Party Plaintiff

vs.

J.S. LUIZ, 3RD, INC.
      Third Party Defendant

## DEFENDANT'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS THIRD PARTY COMPLAINT

Now comes the Defendant/Third Party Plaintiff in the above-entitled action, Artek Builders, Inc. and files the following opposition with this Court to Third Party Defendant's Motion to Strike and/or Dismiss the Third Party Complaint.

In support of its opposition, Defendant/Third Party Plaintiff, Artek Builders, Inc., (hereinafter called "Artek"), filed a motion to implead Third Party Defendant J. S. Luiz, 3rd, Inc. (hereinafter called "J.S. Luiz"), which said motion was allowed on or about August 3, 2005 by the Court, O'Toole, J., presiding.

Artek concedes that the complaint filed by plaintiff, Washing International Insurance Company, (hereinafter called "WIIC"), seeks a declaratory judgment rather than monetary damages. However, the counterclaim brought by Artek in answer to WIIC's complaint does

seek monetary damages in the sum of $147,488.24 from J. S. Luiz. Artek asserts that its counterclaim is an integral part of the lawsuit, and therefore furnishes part of the basis of the third-party complaint brought under Fed.R.Civ.P. 14.

Moreover, this Court held in 1996 that where a party to a lawsuit seeks a declaratory judgment rather than damages, this fact does not preclude the maintenance of a third-party action. *Eastern Enterprises v. Shalala, 942 F.Supp. 684 (D.Mass. 1996), reversed on other grounds, 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451.* "A third-party claim may be brought under Fed.R.Civ.P. 14(a) when the third party's liability is in some way dependent on the outcome of the main claim, or when the third party is secondarily liable to the defendant. There is no express requirement that the main claim be for damages." *Eastern Enterprises v. Shalala, 942 F. Supp, 684, supra at 689.*

Accordingly, Artek suggests that its third-party complaint against J. S. Luiz was properly filed, and that the motion to strike and/or dismiss said complaint be denied.

                Artek Builders, Inc., Third-Party Defendant
                By its attorney:

Dated: December 6, 2005

Gerald E. Johnson, BBO# 252460
Swansea Professional Park
1010 Grand Army Highway
Swansea, MA 02777
(508) 678-5600

## CERTIFICATE OF SERVICE

    I, Gerald E. Johnson, counsel for Defendant Artek Builders, Inc., in the above-entitled action, hereby certify that I have served the foregoing Opposition to Third-Party Defendants's Motion to Strike and/or Dismiss Third-Party Complaint upon all parties by mailing a copy, first class mail, to the offices of the following attorneys of record:

Paula-Lee Chambers,
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110

Michael Franco, Esquire
Beauregard, Burke & Franco
32 William Street
P.O. Box 952
New Bedford, MA 02740

_/s/ Gerald E. Johnson_