## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CASE NUMBER:  05-CV-10437-GAO

**WASHINGTON INTERNATIONAL
INSURANCE COMPANY,**
      **Plaintiff**

**vs.**

**ARTEK BUILDERS, INC.**
      **Defendant**

### OPPOSITION OF DEFENDANT TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

Now comes Defendant Artek Builders, Inc. and herewith files this opposition to Plaintiff

Washington International Insurance Company's Motion for Summary Judgment pursuant to

Fed.R.Civ.P. 56.


### A. REBUTTAL TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS.

Defendant's Opposition shall respond to and contest several of plaintiff's statement of

"undisputed" facts which plaintiffs dispute and which are genuine issues of material fact

precluding summary judgment.

1.     Defendants Artek Builders, Inc. (hereinafter called "Artek") objects to plaintiff's

Statement of Fact No. 9, that Artek was required to pay Luiz an annual management services

fee. Commencing December 31, 2003 the management services by Luiz were cut off by

Artek because Artek's president, Diane M. Merlo had construction management experience.

(*See Defendant's Exhibit "A", letter from Artek to J.S. Luiz III, Inc. dated October 7, 2004*)

2.     Artek objects to plaintiff's Statement of Fact No. 14, as Artek has provided labor and

materials to construction projects managed by Luiz.

3.     Artek objects to plaintiff's Statement of Fact No. 18.  There was precedent for Luiz

paying overhead and profit to Artek for labor provided by Artek.  Simply because  Joseph S.

Luiz III stated in a self-serving letter dated September 22, 2004 that, "Luiz never

contemplated, agreed to pay, or paid overhead and profit to Artek," does not make it the truth. Artek provided evidence of one contract on which Luiz paid an overhead and profit increment of over eleven percent. *(See Defendant's Exhibit "B" attached, Artek Invoice paid by Luiz.*

4.    Artek objects to plaintiff's Statement of Fact No. 19 for the same reasons as that listed above in regard to plaintiff's Statement of Fact No. 18.

5.    Artek objects to plaintiff's Statement of Fact No. 34 on the grounds that Artek did bill Luiz for overhead and profit on its subcontracts, and did collected same. *(See Defendant's Exhibit "C", Affidavit of Diane M. Merlo.*

6.    Artek objects to plaintiff's Statement of Fact No. 42 on the ground that it is not a statement of fact but a conclusion. Moreover, all nine of the subcontract agreements submitted by Artek refer to in said paragraph 42 were made in good faith for work actually performed.

7.    Artek objects to plaintiff's Statement of Fact No. 43 on four grounds. First, it is clear that Joseph S. Luiz, III wants to escape any responsibility for his actions in this matter, by executing a self-serving affidavit indicating that his signature was forged; second, plaintiff has not submitted the names of any trial experts on the issue of handwriting authenticity by the deadline set out in its disclosure statement, and any such testimony should be barred at trial; third, if any of the four subcontract agreements numbered S902-1719, S902-1702, S902-0049, and S902-0033, bear the forged signature of Joseph S. Luiz III, they were signed by a Luiz employee at Joseph S. Luiz III's direction ; and fourth, if Joseph S. Luiz III contends that the signature on the four subcontract agreements is different from his normal signature, perhaps he should also defend the signature affixed to his letter to Artek dated September 22, 2004, which appears to be different from that on his Affidavit. To the layman's eye the signatures on the affidavit of Joseph S. Luiz in support of the Plaintiff's Motion for Summary Judgment is totally different from the signature on the September 22, 2004 letter from Mr. Luiz described in Plaintiff's Exhibit "B" at 19. Artek suggests that the signatures of Joseph S. Luiz III are so inconsistent, if not fraudulent, that Plaintiff is out of

line in alleging forged signatures on the subcontract agreements. *See Defendant's Exhiibit "D", Luiz Affidavit signature page and Luiz 9/22/04 letter.*

8.    Artek objects to plaintiff's Statement of Fact No. 20 on the ground that Artek did have independent assets. *See Defendant's Exhibit "C", Merlo Affidavit.*

9.    Artek objects to plaintiff's Statement of Fact No. 26, on the ground that Ronald Merlo's employment is irrelevant to the issues in this case.

10.    Artek objects to plaintiff's Statement of Fact No. 44, on the ground that Luiz had failed to issue said subcontracts in a timely manner. Artek requested these subcontracts from Luiz, signed, and sent them to Luiz in September 2004 because it was concerned about Luiz defaulting on payment.

## B. DEFENDANT'S STATEMENT OF MATERIAL FACTS.

1.  Artek Builders, Inc. was incorporated on April 14, 2000 with Joseph S. Luiz, III serving as President, Treasurer, Clerk, Director and Sole Shareholder. However, Mr. Luiz relinquished his offices, directorship, and stock two weeks later and has never held an official position under Artek Builders, Inc. since May 1, 2003.

2.  Since September 9, 2003, neither Joseph S. Luiz nor any of his employees has owned any of the stock in Artek Builders, Inc.

3.  On September 9, 2003, ownership of Artek Builders, Inc. was transferred to Diane M. Merlo, who has remained sole shareholder, director and President, Treasurer and Secretary of Artek Builders, Inc. for the past two and one-half years.

4.  Since May 1, 2000, Pamela J. Picaro and Shirley Luiz, formerly known as Shirley Cormier, have been President, Treasurer, Secretary and Director of J. S. Luiz 3rd, Inc.

5.  There have been no corporate or personal loans in common between Artek Builders, Inc. and J.S. Luiz 3rd, Inc. since Artek's incorporation in 2000.

6.  For some time after Artek's incorporation, Artek paid Luiz an annual management services fee. However, commencing December 31, 2003 Artek never paid a management services fee again because Artek's new president, Diane M. Merlo has both an undergraduate degree in construction management and construction experience. *See Defendant's Exhibit "E", copy of Merlo degree and Exhibit "C", Merlo Affidavit.*

7.  Artek is not a division of J.S. Luiz 3rd, Inc. nor does it take orders or direction from Luiz. In fact, the relationship between the two corporations for the past 18 months has been of an adversarial nature.

8.  Artek has observed the formal legal requirements of a corporation since its inception by filing Annual Reports for the years 2001, 2002, 2003, 2004 and 2005. *(See defendant's Exhibit "F" attached.)*

9.  Artek has observed the formal legal requirements of a corporation since its inception by keeping minutes of Directors and Shareholders Meetings in its corporation minute book for the years 2000 through 2005. *(See defendant's Exhibit "G" attached.)*

10. Artek has observed the formal legal requirements of a corporation by issuing 100 shares of stock to Diane M. Merlo by certificate of stock dated September 29, 2003. *(See defendant's Exhibit "H" attached.)*

11. Artek has observed the formal legal requirements of a corporation by adopting by-laws which have not changed since inception. *(See defendant's Exhibit "I" attached.)*

12. Artek is not an insider or alter ego of Luiz, and the said companies have operated on an arms-length basis since at least the time when Diane M. Merlo began running Artek Builders, Inc. in September of 2003, which covers the entire period of time which is material to the issues in this lawsuit.

13. Artek's employees performed all the work called for in the nine subcontracts for Luiz and Artek billed Luiz for the labor, material, overhead, profit, and all associated job costs for each project, in accordance with the prior custom and practice between the two companies.

14. Luiz owes Artek the balance of $147,480.24 on said nine subcontracts and Luiz has failed to pay such said balance due as agreed.

15. Plaintiff should be found liable on the payment and bonds for which it has a contractual obligation.

## C. DEFENDANT'S MEMORANDUM OF LAW

1. **Standard for Summary Judgment**: A court grants summary judgment where there are no genuine issues of material fact, and where the summary judgment record, including the pleadings, deposition, interrogatories and admissions on file together with affidavits, entitles the moving party to judgment as a matter of law. *Cassesso v. Commissioner of Correction, 390 Mass. 419, 422, 456 N.E.2d 1123 (1983)*; Fed.R.Civ. p. 56 (c). Plaintiffs submit that said summary judgment record is minimal at best and the defendants' motion under Rule 56 is premature. Plaintiff has performed no discovery to date, and no depositions, answers to interrogatories or admissions have been filed in support of the motion before the Court. Where the moving party does not bear the burden of proof in the case, it must either submit affirmative evidence negating an essential element of the nonmovant's case or show that the nonmovant has no reasonable expectation of proving an essential element at trial. *Kourovacilis v. General Motors Corp., 410 Mass. 706, 716, 575 N.E. 2d 734 (1991)*; see also *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 s.Ct.2548, 2552, 91 L.Ed.2d 265 (1986)*. As moving party, plaintiff has failed to make such a showing on this motion for summary judgment. Plaintiff has filed a voluminous record of invoices, from vendors, supply houses, utilities, and the like to Artek Builders, Inc., as well as invoices from Artek itself to J.S. Luiz III, Inc., and records of payments by J.S. Luiz III, Inc. all purporting to show that Luiz paid many of these bills. Defendant suggests that this barrage of documentation misses the point. The reason that Artek counterclaimed against Washington International Insurance Company in this action is not that Luiz paid Artek hundreds of thousands of dollars, but that it refused to pay Artek over $147,000.00 which Artek and its employees had earned. In determining whether summary judgment is proper, a Court views all the facts in a light most favorable to the non-moving party and indulges all inferences advantageous to that party, providing they arise reasonable from the record. *Villanueva vs. Wellesley College, 930 F 2d 124, 127(1st Cir.1991), (cert. denied) 502 US 861, 112 S.Ct. 181, 116 L.Ed.2d 143*. Artek, the non-moving party, argues in this

memorandum of law that it has produced definite, competent evidence that there are genuine issues of material fact which preclude summary judgment.

2. **Alter ego factors:** Plaintiffs rely upon the argument that Artek is an insider or subsidiary of Luiz for the proposition that Artek is part of the family of entities of Luiz. Defendant submits that is has engaged in an analysis of the alter-ego factors and has reached a diametrically opposite conclusion. Defendant submits that a fresh analysis of the alter-ego doctrine as applied to the case at bar will be instructive. This analysis was based upon the factors set out in *U.S. ex rel. Johnson Pugh Mechanical, Inc. vs. Landmark Const. Corp., 318, F.Supp.2d 1057, 1069 (D.Colo.2004)*, quoting *Lowell Staats Min. Co., vs. Pioneer Uravan, Inc. 878 F.Supp.2d 1259, 1261, 1262-1263 (10th Cir. 1989)*. Defendant uses the *Johnson Pugh* criteria to rebut the inference that Artek is an alter-ego, an insider of Luiz, as follows:

- **(1) The parent corporation owns all or a majority of the capital stock of the subsidiary.** Plaintiffs state in their brief that, "for at least some period of time, Joseph S. Luiz … owned all of the capital stock of Artek". Plaintiffs neglected to inform the Court that Mr. Luiz's ownership was for a period of sixteen (16) days. Since May 1, 2000, Joseph S. Luiz has never been an owner of stock of Artek Builders, Inc. Luiz employees owned the Artek stock until September of 2003, when it was transferred to Diane M. Merlo, President of Artek. In any case, individuals had owned the capital stock of Artek, not the parent corporation itself. On this factor, *Johnson Pugh* itself is distinguishable, because the court found that the sub-contractor and general contractor, as well as two or three other companies shared office space, and the CEO regularly moved money paid to the general contract to the sub-contractors. In contrast, Artek and Luiz have been located 10 miles apart for the past two and one-half (2½) years. Joseph S. Luiz III has not exercised dominion and control over Artek in any form during that period of time.

- **(2) The parent and subsidiary corporations have common directors or officers.** Plaintiff's assertion as to this factor is true but essentially meaningless. Joseph S.

Luiz served as President of both corporations from April 14, 2000 to May 1, 2000, hardly the egregious conduct which was present in the *Johnson Pugh case.*

- **(3) The parent corporation finances the subsidiary.** Artek provided so much labor for construction projects generated by Luiz that it never had the time to generate independent business. However, in analyzing the standards in the *Johnson Pugh case*, the trial judge placed a large emphasis under this factor as to whether there had been either corporate loans or personal loans in common between the two entities. Since the time of Artek's incorporation there have never been loans in common between Artek and Luiz.

- **(4) The parent corporation subscribed to all the capital stock of the subsidiary or otherwise causes its incorporation.** As previously indicated, Joseph S. Luiz was responsible for incorporating Artek, but did not become a long-term or even a short-term stockholder of the corporation, nor did J.S. Luiz III, Inc.

- **(5) The subsidiary has grossly inadequate capital.** It is undisputed that Artek was thinly capitalized, but as a service corporation it was not required to have substantial amounts of capital on hand. Artek owns no trucks or heavy equipment, and only provided labor by means of its skilled employees.

- **(6) The parent corporation pays the salaries or expenses or losses of the subsidiary.** Luiz paid a minimal salary of $200.00 per week for Artek's President, Diane M. Merlo. There were no losses incurred by Artek, until Luiz refused to pay Artek's valid invoices in August and September of 2004 and was left responsible for worker's compensation insurance, employer taxes, pension plan expenses, and other expenses associated with its employees.

- **(7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.** Artek's president injected $18,000.00 of her own funds into Artek to try to keep the corporation running.

- **(8) In the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as a department or division.** The statements of Artek's president under this criterion is not controlling. The record is devoid of any papers of the corporation in which Luiz refers to Artek as a department or division. The management services fee which had been in effect was dispensed with following the transfer of the ownership and operation of the company by Diane M. Merlo, who had construction management experience.

- **(9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation.** There are two periods of time to focus on: the operation of Artek by Luiz employees Cormier and Picaro; and the period post-September 9, 2003 when Diane Merlo managed Artek. Defendants reject the argument that Diane Merlo was an employee of Luiz, as she did not take orders or direction from Luiz in the running of Artek. Moreover, the relationship between the two companies was of an adversarial nature from the summer of 2004 to the present.

- **(10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.** Plaintiff has glossed over this factor by stating that the formal legal requirements that Artek operate as a separate and independent corporation were not observed, without addressing those formal legal requirements. Defendants shall do so as follows:
  a. Artek has observed the formal legal requirements of a corporation since its inception by filing Annual Reports for the years 2000, 2001, 2002, 2003, and 2004. *(See defendant's Exhibit "F" attached.)*
  b. Artek has observed the formal legal requirements of a corporation since its inception by keeping minutes of Directors and Shareholders Meetings in its corporation minute book for the years 2000 through 2005. *(See defendant's Exhibit "G" attached.)*

c. Artek has observed the formal legal requirements of a corporation by issuing 100 shares of stock to Diane M. Merlo by certificate of stock dated September 29, 2003. *(See defendant's Exhibit "H" attached.)*

d. Artek has observed the formal legal requirements of a corporation by adopting by-laws which have not changed since inception. *(See defendant's Exhibit "I attached.)*

e. Artek is not an insider or alter-ego of Luiz, and the said companies have operated on an arms-length basis since at least the time when Diane M. Merlo began running Artek Builders, Inc. in September of 2003, which covers the entire period of time which is material to the issues in this law suit.

f. Artek's employees performed all the work called for in the nine sub-contracts for Luiz and Artek billed Luiz for the labor, material, overhead, profit, and all associated job costs for each project, in accordance with the prior custom and practice between the two companies.

g. Luiz owes Artek the balance of $147,480.24 on said nine subcontracts and Luiz has failed to pay such said balance due as agreed.

h. Plaintiff should be found liable on the payment and bonds for which it has a contractual obligation.

Accordingly, the exclusion of Artek's claims under G. L. c. 149 §29 must fail because plaintiff has not substantiated an that Artek was a mere insider or alter ego of Luiz. The relationship of Artek to Luiz is one where management of each corporation was clearly defined, there was no intermingling of business activity, assets or management, and no

## CERTIFICATE OF SERVICE

I, Gerald E. Johnson, counsel for Defendant Artek Builders, Inc., in the above-entitled action, hereby certify that I have served the foregoing Opposition to Plaintiff's Motion for Summary Judgment upon all parties by mailing a copy, first class mail, to the offices of the following attorneys of record:

Paula-Lee Chambers, Esquire
Melissa I. Delinks, Esquire
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110

Dated:  February 13, 2006



ARTEK BUILDERS, INC.

26 Prospect Road, Mattapoisett, MA 02739
**Telephone/Fax 508-758-9715**

October 7, 2004

Joseph S. Luiz III
J.S. Luiz 3rd, Inc.
12 Ventura Drive
North Dartmouth, MA 02747

RE: Response to J.S. Luiz 3rd, Inc. letter dated September 22, 2004 – Payments

Dear Mr. Luiz,

Artek Builders, Inc. is a company that has worked entirely for J.S. Luiz 3rd, Inc. as an "in-house" subcontractor since it's incorporation in April 2000, as you are well aware.

Since Artek started doing business with J.S. Luiz 3rd, Inc., we have always been paid for any and all invoices submitted by Artek Builders, Inc., without holding a 5% retainer. If you review your past records you will see that J.S. Luiz 3rd, Inc. is presently NOT within the customary terms for payment for Artek.

With respect to Artek's Invoice No. 229 dated September 12, 2004, we can provide all necessary documentation that J.S. Luiz 3rd, Inc. has always contemplated, agreed to and allowed for payments of charges from Artek for ALL costs. Consequently, Artek considers these charges to be completely within the scope of our relationship with J.S. Luiz 3rd, Inc.

Please be advised that your Invoice No. 922004, dated September 21, 2004 for $31,875, is without merit. May I remind you that as of January 1, 2004 I took over all operations associated with Artek, and moved the company to my home office at 26 Prospect Road in Mattapoisett. J.S. Luiz 3rd, Inc. management services, as provided in the past, ended as of December 31, 2003.

All documentation regarding the Somerset School project has been forwarded to your office as of September 24, 2004. Invoice No. 230 was also enclosed for the additional costs involved when J.S. Luiz 3rd, Inc. transferred Mr. Carvalho from a supervisor position to a carpenter/laborer position without obtaining Artek's consent. We trust that there will be no further delay in payments for this project.

In summary, based on your recent failure to make payments to Artek, and lack of cooperation, we consider our request to the bonding company justifiable, and with merit. Artek will continue forward until such time as all outstanding invoices are paid.

Sincerely,

*Diane M. Merlo*
Diane M. Merlo
President

Cc:    Gerald E. Johnson, Esq.
       William Labbe, Fietelberg Insurance Company
       Jeff Schroeder, NAS Surety Group

J.S. Luiz 3rd, Inc.

36524

GENERAL CONTRACTOR
12 VENTURA DRIVE   N. DARTMOUTH, MA 02747

COMPASS BANK
NEW BEDFORD, MA

53-7029
2113

~ Eight Thousand   Six hundred Eighty Eight ~

33/100
DOLLARS

TO THE ORDER OF

DATE

NET CHECK

Artez Builders, Inc.

8688 23

J.S. LUIZ 3RD, INC.

inv. +199 Revised

Paula Picaro

⑆036524⑆ ⑇211370299⑇ 01  20  2021325⑈

# ARTEK BUILDERS, INC.
26 PROSPECT ROAD
MATTAPOISETT, MA 02739
508-758-9715

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/24/2004 | 199 |

Bill To

J.S. Luiz 3rd., Inc.
12 Ventura Drive
North Dartmouth, MA 02747

PAID # 36524

| Description | Amount |
|-------------|--------|
| BCC Building G Renovations | 172.04 |
| BCC Building G Lobby Wall Covering | 884.07 |
| M.H.D. 603641 - Chemical Storage Facilities | 4,718.71 |
| MASSPORT D137-C2 Equipment, Sand/Salt Building | 1,331.13 |
| Bridgewater State Rondileau Campus | 367.60 |
| Stoughton Court House | 296.04 |
| Overhead & Profit | 918.64 |

| | |
|---|---|
| **Total** | $8,688.23 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $8,688.23 |

# ARTEK BUILDERS, INC.

26 Prospect Road, Mattapoisett, MA. 02739 Tel / Fax: 508-758-9715

COPY

Employee Name: _Christopher Trussell_    Week Ending: (Saturday) _2 - 28 - 2004_

| Day / Date | Number of Hours | Description of Work | Job Name |
|---|---|---|---|
| **Monday** Date / Total Hours | | | |
| **Tuesday** Date / Total Hours | | | |
| **Wednesday** Date / Total Hours | | | |
| **Thursday** Date 2/26 Total Hours 8 | 8 | INTERIOR CARPENTRY – WARRANTY REPAIR WORK | B.C.C. – BUILDING G RENOVATIONS $18.00 |
| **Friday** Date 2/27 Total Hours 8 | 8 | CARPENTRY – MAINTENANCE / REPAIR WORK | MASSPORT SAND / SALT SHED $46.39 |

| TOTAL HOURS FOR WEEK | | INSTRUCTIONS: PLEASE WRITE CLEARLY, SIGN AND DATE!! |
|---|---|---|

**EMPLOYEE SIGNATURE:** _Chris Trussell_    DATE: 2/27/04
"I am in agreement with the hours stated above"

**SUPERVISOR SIGNATURE:** _RCM_    DATE: 2/27/04

**OFFICE SIGNATURE:** _Diane M Merlo_    DATE: 3/1/04
DIANE M. MERLO - PRESIDENT

**ADDITIONAL NOTES:**
NEW HIRE

REVISED 03-03-2004

COPY

# ARTEK BUILDERS, INC.

26 Prospect Road, Mattapoisett, MA  02739  Tel / Fax: 508-758-9715

Employee Name: _Chester Dias Tavares_    Week Ending: (Saturday) _3-6-2004_

| Date | NUMBER OF HOURS | DESCRIPTION OF WORK | JOB NAME |
|------|----------------|---------------------|----------|
| **Date** 3/1 **Monday** **Total Hours** 8 | | hung gutters | MASS PORT Sand/Salt Shed $46.39 (prev. rate) |
| **Date** 3/2 **Tuesday** **Total Hours** 8 | | hung gutters  misc. Sheet rock | MASS Port Sand/Salt Shed $46.39 (prev. rate) |
| **Date** 3/3 **Wednesday** **Total Hours** 8 | | Bridge Water State College Punch List | Bridgewater State prev. 38.52 |
| **Date** 3/4 **Thursday** **Total Hours** 6 | | Orleans Denise      Dpw met with Weecham    Mark went Mattaposite   over work Schedual Measuring Work Only | MASS HIGHWAY Measuring Sand/Salt (reg. rate) |
| **Date** 3/5 **Friday** **Total Hours** 8 | | Stoughton Court House   Measure Mechanic's on roof   office Lumber mat List | Stoughton Measuring $18.00 (reg. rate) |

| TOTAL HOURS FOR WEEK | 38 | INSTRUCTIONS: PLEASE WRITE CLEARLY, SIGN AND DATE!! |
|---|---|---|

ADDITIONAL NOTES:

EMPLOYEE SIGNATURE: _____    DATE:
"I am in agreement with the hours stated above"

SUPERVISOR SIGNATURE: _____    DATE:

OFFICE SIGNATURE: _____    DATE: 3/9/04
DIANE M. MERLO – PRESIDENT

REVISED 03-03-2004

# ARTEK BUILDERS, INC.

26 Prospect Road  Mattapoisett, MA  02739  Tel / Fax: 508-758-9715

COPY

| Date | | Description of Work | Job Name |
|---|---|---|---|
| 3/8 Monday Total Hours 6 | $18 | with lumber for lines STANTON Court House measured Material on roof Went to Newton To pick up Whalers | JOB PREP WORK STD. HOURLY RATE SPLIT 3 @ DPW 3 @ STOUGHTON |
| 3/9 Tuesday Total Hours 8 | PREV. RATE | Dow orleans striped sheathing and strapped rear of Building | MHD $39.77 |
| 3/10 Wednesday Total Hours 8 | PREV. RATE | Dow Orleans put on sheathing removed misc strapping + corner boards | MHD $39.77 |
| 3/11 Thursday Total Hours 8 | PREV. RATE | Dow orleans cut and removed Whalers renail loss Whalers | MHD $39.77 |
| 3/12 Friday Total Hours 8 | PREV. RATE | Dow orleans put on corner boards misc. sheathing replaced refastened railing Door | MHD $39.77 |

| TOTAL HOURS FOR WEEK | 38 | INSTRUCTIONS: PLEASE WRITE CLEARLY, SIGN AND DATE!! |
|---|---|---|

**EMPLOYEE SIGNATURE:** _(signature)_  DATE: 3/15
"I am in agreement with the hours stated above"

**SUPERVISOR SIGNATURE:** _(signature)_  DATE: 3/16

**OFFICE SIGNATURE:** _(signature)_  DATE: 3/16
DIANE M. MERLO - PRESIDENT

REVISED 03-03-2004

Work Ending (Saturday): 3/13/04

COPY

# ARTEK BUILDERS, INC.

26 Prospect Road  Mattapoisett, MA  02739  Tel / Fax: 508-758-9715

Employee Name: _____  Work Ending (Saturday): 3-20-04

| Date | | Description of Work | Work Options |
|------|---|---------------------|--------------|
| 3-15 Monday **Total Hours** | | Finish Corner Boards Misc Straping Started replacing whalers Arrived @ Job 8:00 AM (Off @ 3:30) | Dpw Orleans MASS HIGHWAY $39.77 |
| 3/16 Tuesday **Total Hours** 8 | | finished straping | MASS HIGHWAY $39.77 |
| 3/17 Wednesday **Total Hours** 8 | | replaced whalers on Left side of Shed | Dpw Orleans MASS HIGHWAY $39.77 |
| 3/18 Thursday **Total Hours** 8 | | replaced whalers on right side Started fixing back wall on 2nd Shed | MASS HIGHWAY Orleans - $39.77 |
| 3/19 Friday **Total Hours** 8 | | Installed 1/2 ply wood sills on Top of whalers put New Jam's on main door | MASS HIGHWAY Orleans. $39.77 |

| TOTAL HOURS FOR WEEK | INSTRUCTIONS: PLEASE WRITE CLEARLY, SIGN AND DATE!! |
|---|---|
| **EMPLOYEE SIGNATURE:** _____ DATE: 3/23 "I am in agreement with the hours stated above" | **ADDITIONAL NOTES:** |
| **SUPERVISOR SIGNATURE:** _____ DATE: 3/23/04 | |
| **OFFICE SIGNATURE:** Diane M. Merlo DATE: 3/23/04 DIANE M. MERLO - PRESIDENT | |

REVISED 03-03-2004

# ARTEK BUILDERS, INC.

20 Prospect Road, Marblehead, MA 07345 Tel / Fax: 905-749-9015

| HRS WEEK | NUMBER OF HOURS | DESCRIPTION OF WORK | JOB NAME |
|---|---|---|---|
| Date 3/15/04 Monday Total Hours 8 | 8 | REMOVE AND DISPOSE OF EXISTING WALL TREATMENT + TRIM. $35/HR | BCC |
| Date 3/16/04 Tuesday Total Hours 8 | 8 | REPAIR AND PREP PLYWOOD BASE FOR NEW WALL TREATMENT. $35/HR | BCC |
| Date 3/17/04 Wednesday Total Hours 3 | 3 | CONTINUE PREP FOR WALL TREATMENT $35/HR | BCC |
| Date 3/18/04 Thursday Total Hours | | ORIENTATION FOR ARTEK EMPLOYEES | ARTEK WAREHOUSE BOSTON |
| Date 3/19/04 Friday Total Hours 5 | 3 1 2 | SUPERVISE WALL TREATMENT CREW PICKUP STOUGHTON BLDG PERMIT. 5HRS 5HRS @ $25 | BCC - 3 STOUGHTON-2 |

| TOTAL HOURS FOR WEEK | INSTRUCTIONS: PLEASE WRITE CLEARLY, SIGN AND DATE!! | ADDITIONAL NOTES: |
|---|---|---|
| EMPLOYEE SIGNATURE: | _[signature]_ DATE: 3/19/04 "I am in agreement with the hours stated above" | |
| SUPERVISOR SIGNATURE: | Ronald C. Merlo DATE: 3/23/04 | |
| OFFICE SIGNATURE: | Diane M. Merlo DATE: 3/23/04 DIANE M. MERLO - PRESIDENT | |

REVISED 03-03-2004

COPY

# ARTEK BUILDERS, INC.

| THE WEEK | NUMBER OF HOURS | DESCRIPTION OF WORK | JOB NAME |
|---|---|---|---|
| Date<br>3/15<br>Monday<br>Total Hours<br>8 | 3-15-04<br>arrived 8:00<br>left 2:30<br>8 | Riped off and Replaced Strapping<br>7:00 - 8:00 - $12⁵⁰<br>8:00 - 2:30 - + Rate $30.70 | MASS Highway<br>Orleans MA |
| Date<br>3/16<br>Tuesday<br>Total Hours<br>8 | 3-16-04<br>arrived 7:30<br>left 5:15<br>8 | Finished strapping Ripped Off<br>Rake boars Fixed dorr and ripped<br>of 2x10 door lamb<br>$30.70 - 8 HRS | Mass Highway<br>Orleans MA |
| Date<br>3/17<br>Wednesday<br>Total Hours<br>0 | 3-17-04<br>0 | did not work | Mass Highway<br>orleans MA<br>Ø |
| Date<br>3/18<br>Thursday<br>Total Hours<br>8 | 3-18-04<br>arrived 6:45<br>left at 4:00<br>8 | Replaced timbers Pushed in wall<br>on other shead<br>$30.70 for 8 HRS | Mass Highway<br>orleans MA |
| Date<br>3/19<br>Friday<br>Total Hours<br>8 | 3-19-04<br>arrived at<br>6:45<br>3:30<br>8 | log bolted whalers Replce<br>plywood shelf around whole<br>Building<br>8 $30.70 8HRS | Mass Highway<br>orleans MA |

| TOTAL HOURS<br>FOR WEEK | 32 | INSTRUCTIONS: | ADDITIONAL NOTES: |
|---|---|---|---|
| | | PLEASE WRITE CLEARLY, SIGN AND DATE!! | |

EMPLOYEE SIGNATURE: _____  DATE: 3-19
"I am in agreement with the hours stated above"

SUPERVISOR SIGNATURE: _____  DATE: 3/23/04

OFFICE SIGNATURE: _____  DATE: 3/23/04
DIANE M. MERLO - PRESIDENT

REVISED 03-03-2004

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHSUETTS**

**CASE NUMBER:  05-CV-10437-GAO**

| |
|---|
| **WASHINGTON INTERNATIONAL INSURANCE COMPANY,** |
| **Plaintiff** |
| **vs.** |
| **ARTEK BUILDERS, INC.** |
| **Defendant** |

**AFFIDAVIT OF DIANE M. MERLO IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Diane M. Merlo, upon oath hereby depose and state as follows:

1. I reside at 26 Prospect Road, Mattapoisett, MA 2739.

2. I have a B.S. in Construction Management from Wentworth Institute and have nine years experience in the construction field, including working as a Project Engineer for Turner Brothers Construction in Easton, Massachusetts and as a Claims Technician/Engineer for Project Management Associates, Inc. on the Central Artery/Tunnel Joint Venture in Boston.

3. On September 9, 2003 I agreed to take over Artek Builders, Inc. as President, Treasurer, Clerk and Director. All one hundred issued shares of the corporation were transferred to me, and I opened a new corporate bank account at Plymouth Savings Bank. The Artek pension plan was also amended in order to change the plan trustee from Shirley Cormier to me. While President, I created new corporate policies, timesheets, and employment applications for Artek to modernize the business.

4. For the next twelve months I ran Artek Builders, Inc. efficiently by retroactively obtaining credits of 15% and 18% for Worker's Compensation insurance for two years, invoicing J. S. Luiz 3rd, Inc. for all work performed by Artek as a subcontractor to Luiz, which ran to several million dollars, and managing the payroll for all of Artek's

employees. I had to submit a certified payroll for all prevailing wage jobs as required by Massport and Mass. Highway in order for the general contractor, Luiz, to be paid.

5. There was so much work being referred by Luiz that there was not time to bid on jobs with other general contractors to attempt to grow the business.

6. The custom and practice between the two companies was not that Artek billed Luiz for pure labor costs only. Artek billed Luiz for overhead and profit which Luiz paid, on one occasion yielding a profit on a particular job of 11.82%. Luiz preferred not to label such payments as profit, but regularly paid Artek's invoices for overhead expenses. Luiz never paid any of Artek's overhead expense bills directly while I was president of Artek.

7. With respect to the nine subcontracts with Luiz which plaintiff has contested, Luiz issued the subcontracts, Artek signed and sent them to Luiz, and they were returned to Artek with signatures. I have no personal knowledge of whether Joe Luiz signed his own name. With regard to the four subcontracts submitted for Artek's claims against Bond Nos. S902-4062, S901-4779, S901-4978, and S901-4788, they are all dated September 10, 2004 because Luiz issued these subcontracts late and Artek had to ask for them. Artek sent these four subcontracts to Luiz in September 2004 because Artek was fearful that Luiz would default on its obligations, which is what actually happened.

8. Effective December 31, 2003 I terminated the management services fee which Luiz had assessed to Artek, because I had more construction management experience than anyone in the Luiz front office.

9. In the summer of 2004 payment by Luiz of Artek's invoices to Luiz for labor, materials and expenses on the nine subcontracts at issue in this case slowed down, then stopped altogether by early September. When the balance of what Luiz owed Artek reached $147,000.00 and with my concerns over Luiz' financial viability, I had no choice but to lay off all of Artek's employees on September 16, 2004.

10. I encouraged the Artek employees to seek employment with Luiz for their own protection, and for the most part they were able to keep working. Artek paid all the salaries of its employees, but because Luiz had cut off our income stream, Artek has

been unable to become current with Worker's Compensation coverage and employer taxes. Artek has been liened by the Internal Revenue Service for late payments of its obligations. Despite my putting $18,000.00 of my own funds into Artek, Luiz basically put Artek out of business and left it with large debts.

Signed under the pains and penalties of perjury this _12_ day of February, 2006.

Diane M. Merlo

Diane M. Merlo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, | CIVIL ACTION NO. 05-CV-10437-GAO |
| Plaintiff, | |
| v. | |
| ARTEK BUILDERS, INC., | |
| Defendant | |

### AFFIDAVIT OF JOSEPH S. LUIZ, III

I, Joseph S. Luiz, being duly sworn, hereby depose and state as follows:

1.     I am the former President of J.S. Luiz, 3rd, Inc. ("Luiz"). I make the statements that follow on personal knowledge.

2.     Luiz is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 12 Ventura Drive, No. Dartmouth, Massachusetts. At all times relevant to this action, Luiz has been in the business of providing general contracting services for construction projects. I served as the President of Luiz from the company's incorporation on July 7, 1980 through May of 2005.

3.     On or about April 14, 2000, I caused to be incorporated, Artek Builders, Inc. ("Artek"), for the primary purpose of providing labor for construction projects

and S901-4788, are all dated September 10, 2004, <u>after</u> the last labor was performed by

Artek on each project.

23.    Further, the Subcontract Agreement submitted in support of Artek's claim

made against Bond number S902-1750 is dated September 10, 2004, only five days

before the last labor was performed on the project, yet Artek claimed that its total labor

for the duration of the Project was $303,491.98.

Signed under the pains and penalties of perjury this *26* day of January , 2006.

Joseph S. Luiz, III

-5-

34716648v1 856540



J.S. Luiz Inc.

~~~p – Jeff Schroeder

General Contractor

**GENERAL CONTRACTOR**

Residential - Commercial - Industrial

September 22, 2004

Artek Builders, Inc.
Attn: Diane Merlo
26 Prospect Road
Mattapoisett, MA 02739

Tel/Fax: 508-758-9715

Re:    Payments

J.S. Luiz, Inc. is a long-standing company that has always worked to honor its commitments.

We pay our subcontractors or suppliers 30-45 days as received with a 5% retainer on the project until all punch lists from architects are complete. If you review the time frame of your invoices you will see that all invoice dates are currently within our customary terms for payment.

With respect to your billing invoice number 229 dated 9/12/04, be advised that during our entire work history J.S. Luiz 3rd, Inc. has never contemplated, agreed to or allowed to be paid a charge from Artek for overhead and profit. Consequently we considered these charges to be outside the scope of our customary and usual relationship and obviously not considered for payment at the present time, review of your past records should show that J.S.Luiz 3rd, Inc. has consistently received an annual management fee of $ 45, 000.00 from Artek. We have pro-rated your management fee as of September 15, 2004 (see following invoice).

Also we are still awaiting corrective payroll report as previous requested for Somerset School project for your employee George Carvalho. We have a time sheet filled out by him that stated he was doing carpentry work but we have no payroll report. This will hold up any payments on that project.

In summary, given what we perceived at our good standard with your company we consider the correspondence to the bond company without merit and damaging to our reputation as a general contractor, be respectfully withdrawn immediately.

Thank you for prompt attention in this matter.

Joseph S. Luiz 3rd., President

Cc: File
     Feitelberg Insurance Company
     NAS Surety Group – Jeff Schroeder

12 Ventura Drive
No. Dartmouth, Ma. 02747
(508) 995-3535    Fax 995-9541

# Wentworth Institute of Technology

The President and Board of Trustees of

Be it known that we in recognition of the successful completion of the program of study in

## Construction Management

and upon the recommendation of the faculty of the

## College of Design and Construction

by virtue of the authority granted us by charter of the Commonwealth of Massachusetts hereby confer upon

## Diane Marie Rogers

the degree of

## Bachelor of Science

with all the Rights and Honors thereto appertaining. In witness whereof, we have granted this



## Diploma

and have directed that it be signed by the duly authorized officers and Sealed with the seal of the Institute. Given at Boston, Massachusetts this Tenth day of September, in the Year of our Lord, one thousand nine hundred and eighty-nine

To all who may see these Presents, Greeting:



DEAN

PRESIDENT



**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

FEE: $125.00

030098918

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. ___043521933___

1. The *exact* name of the corporation is: ___Artek Builders, Inc.___

2. Location of its principal office in Massachusetts: ___9 Pinehurst Avenue___
(number and street)

| ___Mattapoisett___ | ___MA___ | ___02739___ |
|---|---|---|
| (city or town) | (state) | (zip) |

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| (number & street) | (city or town) | (state) | (zip) |

3. Name and address of the Resident Agent, if any: _____
(name)

| _____ | _____ | _____ |
|---|---|---|
| (number & street) | (city or town) | (zip) |

4. Date of the end of the last fiscal year was: ___December___ ___31___ ___2000___
(month) (day) (year)

5. Check here if the corporation stock is publicly traded: ☐ .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | No Par | 100,000 | | 100 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT TREASURER CLERK DIRECTORS | Shirley Cormier " " " " | 13 Pike St., So. Dartmouth, MA 02748 | 12-31-01 |

I, the undersigned ___Shirley Cormier___, being the ___President___ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this ___7___ day of ___July___, 20 03 .

Signature: ___Shirley Cormier___    Title: President

Contact Person: ___Shirley Cormier___    Contact Person Telephone #: ___508___ ___995-3949___

156bmcav 8/8/02



**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**FEE: $85.00**

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. _____ 043521933 _____

1. The *exact* name of the corporation is: _____ Artek Builders, Inc. _____

2. Location of its principal office in Massachusetts: __ 9 Pinehurst Avenue __
(number and street)

_____ Mattapoisett, MA   02739 _____
(city or town)                                    (state)                        (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)                          (city or town)                          (state)                  (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____
(number & street)                          (city or town)                                              (zip)

4. Date of the end of the last fiscal year was: _____ December _____ 31 _____ 2001 _____
(month)                              (day)              (year)

5. Check here if the corporation stock is publicly traded: ☐ .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | No Par | 100,000 | | 100 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT TREASURER CLERK DIRECTORS | Shirley Cormier " " "" " " " " | 13 Pike St., So. Dartmouth,MA 02748 | 12-31-2002 |

I, the undersigned _____ Shirley Cormier _____, being the _____ President _____ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this _____ Sixteenth _____ day of _____ January _____, 20 02 .

Signature: *Shirley Cormier - Pres.*   Title: _____ President _____

Contact Person: _____ Shirley Cormier _____   Contact Person Telephone #: _ 508   995-3949 _

156bmcar 4/5/1



**The Commonwealth of Massachusetts**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

FEE: $85.00

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE 30098917

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. _____ 043521933 /000702015

1. The *exact* name of the corporation is: _____ Artek Builders, Inc.

2. Location of its principal office in Massachusetts: _____ 9 Pinehurst Avenue
(number and street)

_____ Mattapoisett, MA   02739
(city or town)                    (state)                    (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____
(number & street)         (city or town)              (state)         (zip)

3. Name and address of the Resident Agent, if any: _____
(name)

_____
(number & street)         (city or town)              (zip)

4. Date of the end of the last fiscal year was: _____ December   31   2002
(month)         (day)         (year)

5. Check here if the corporation stock is publicly traded: ☐ .

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | No Par | 100,000 | | 100 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | Shirley Cormier | 13 Pike St., So. Dartmouth, MA 02748 | 12-31-03 |
| TREASURER | " " | | |
| CLERK | " " | | |
| DIRECTORS | " " | | |

I, the undersigned _____ Shirley Cormier _____, being the _____ President _____ of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this _____ 12 _____ day of_____ March _____, 20 03 .

Signature: _____ Shirley Cormier _____   Title: _____ President _____

Contact Person: _____ Shirley Cormier _____   Contact Person Telephone #: (508   995-3949

156A(rev) 4/5/00

### The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640
NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

Fee $125.00

## MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No.    04-3521933

1. The exact name of the corporation is:    Artek Builders, Inc.

2. Location of its principal office in Massachusetts    26 Prospect Road
Mattapoisett _____    state   MA    zip  02739

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:
_____ city or town    state _____    zip _____

3. Name and address of the Resident Agent, if any:
_____ city or town    state    zip

4. Date of the end of the last fiscal year was:   December _____    day  31    year 2003

5. Check here if the corporation stock is publicly traded: ☐

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | Par Value per share state if no par | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS Number of Shares | Total Par Value | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|---|---|
| COMMON: | No Par | 100,000 | | 100 |
| | | | | |
| PREFERRED: | | | | |
| | | | | |

d below and of all the directors of the corporation, and the date on which the term of
office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | Diane M. Merlo | 26 Prospect Rd., Mattapoisett, MA 02739 | Indefinite |
| TREASURER | "        " | "        " | " |
| CLERK | "        " | "        " | " |
| DIRECTORS | "        " | "        " | " |
| | | | |
| | | | |
| | | | |
| | | | |

I, the undersigned,    Diane M. Merlo _____ , being the   President _____ of the
above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and
correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this

Thirty-first _____ day of   January _____ , 2004

Signature: _Diane M. Merlo_    Title:   PRESIDENT

**MUST BE ORIGINAL**

Contact Person:   DIANE  M.  MERLO    Contact Person Telephone #:   508-758-9715

MA SOC    Filing Number: 200503378880    Date: 03/01/2005 1:29 PM



**The Commonwealth of Massachusetts**    Minimum Fee: $100.00
**William Francis Galvin**

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## Annual Report
(General Laws, Chapter 156D)

**Federal Employer Identification Number:** 043521933 *(must be 9 digits)*

**1. The exact name of the business entity is:** ARTEK BUILDERS, INC.

**2. The Corporation is organized under the laws of:** State: MA    Country:

**3,4. The street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**

| | |
|---|---|
| Name: | DIANE M. MERLO |
| No. and Street: | 26 PROSPECT ROAD |
| City or Town: | MATTAPOISETT    State: MA    Zip: 02739    Country: USA |

**5. The street address of the corporation's principal office is:**

| | |
|---|---|
| No. and Street: | 26 PROSPECT RD. |
| City or Town: | MATTAPOISETT    State: MA    Zip: 02739    Country: USA |

**6. Provide the name and business address of the officers and of all the directors of the corporation:**
*(A president, treasurer, secretary and at least one director are required.)*

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| PRESIDENT | DIANE M. MERLO | 26 PROSPECT RD.<br>MATTAPOISETT, MA 02739 USA |
| TREASURER | DIANE M. MERLO | 26 PROSPECT RD.<br>MATTAPOISETT, MA 02739 USA |
| SECRETARY | DIANE M. MERLO | 26 PROSPECT RD.<br>MATTAPOISETT, MA 02739 USA |
| DIRECTOR | DIANE M. MERLO | 26 PROSPECT RD.<br>MATTAPOISETT, MA 02739 USA |

**7. Briefly describe the business of the corporation:**

GENERAL CONTRACTOR

**8. The capital stock of each class and series is:**

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles<br>of Organization or Amendments<br>Num of Shares    Total Par Value | | Total Issued<br>and Outstanding<br>Num of Shares |
|---|---|---|---|---|
| CNP | $0.00000 | 100,000 | $0.00 | 100 |

0-369-0

**9. Check here if the stock of corporation is publicly traded:** __

10. Date of the end of the fiscal year is: 12/31/ <u>2004</u>

**Signed by  <u>DIANE M. MERLO</u> , its  <u>PRESIDENT</u>
on this 1 Day of March, 2005**

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

WAIVER OF NOTICE OF

FIRST MEETING OF DIRECTORS

OF

ARTEK BUILDERS, INC.

(A Massachusetts Corporation)

The undersigned, being all the Directors of the above-named Corporation, hereby waive notice of the time and place at, and of the purpose for, which any of the Directors has been, or shall be called or held.

Dated:    April 21, 2000

## ORGANIZATION ACTION IN WRITING OF INCORPORATOR(S)

OF

ARTEK BUILDERS, INC.

---

(A Massachusetts Corporation)
(Organized April 14     , 20 00)

The following action is taken this 21st  day of   April     , 20 00   , through this instrument by the incorporator(s) of the above corporation:

1. The adoption and execution of Articles of Organization;

2. The adoption of the first By-Laws of the corporation, including any specific or general provisions therein as authorized and required by the Business Corporation Law;

3. The election of the following persons to serve as the directors of the corporation until the first annual meeting of shareholders:

   Joseph S. Luiz

4. The election of the following persons to serve as officers of the corporation until their successors shall be elected and qualified:

   | President | — | Joseph S. Luiz |
   | Treasurer | — | Joseph S. Luiz |
   | Clerk | — | Joseph S. Luiz |

5. The appointment of the person or entity hereinafter named as the registered agent of the corporation:

_Joseph S. Luiz_

Incorporator(s)

## MINUTES OF FIRST MEETING OF DIRECTORS

OF

ARTEK BUILDERS, INC.

The first meeting of the directors of the above-named corporation was held at   Dartmouth, Massachusetts     on the 21st  day of    April      , 20 00  at 10:00 o'clock   A .M., pursuant to a waiver of notice signed by all directors.

The following persons constituting at least a majority of the membership of the Board were present:

Joseph S. Luiz

Joseph S. Luiz                    was unanimously chosen Chairman of the meeting and    Joseph S. Luiz                was unanimously chosen Secretary of the meeting.

The organization action of the incorporators was read and approved.

Upon motion duly made, seconded, and unanimously carried, it was

VOTED:  That a corporate seal, the impression of which was affixed in the margin hereof, be and the same shall be the corporate seal of the corporation.

A form of stock certificate was presented, and, upon motion duly made, seconded and carried, was unanimously approved.

The Treasurer of the corporation was then directed to open an account in the    Fall River Five Cents Savings Bank                 covering such usual banking services as he should deem necessary and desirable and for the best interests of the corporation and the form of resolution requested by said bank, a copy of which is attached hereto, was ordered adopted by the meeting and incorporated in the minutes of this meeting. The Treasurer was further authorized to open such additional accounts in

such other banks as he should deem desirable and in the best interests of the corporation and to attend to all matters necessary in connection therewith.

Upon motion duly made and seconded, the following votes were adopted relating to the issue of the stock of the corporation

> VOTED:   That the President be authorized to issue 100 shares of capital stock to Joseph S. Luiz

Upon motion duly made and seconded, the following votes relating to other matters necessary for commencement of the business of the corporation were adopted

VOTED:

There being no further business before the meeting, it was, upon motion duly made and seconded, unanimously

VOTED: To adjourn
ADJOURNED

A true copy.

Attest:

/Clerk

- 3 -

**ARTEK BUILDERS, INC.**
MINUTES OF SPECIAL MEETING OF
STOCKHOLDERS AND DIRECTORS

The undersigned, being the sole stockholder and director of Artek Builders, Inc.,

hereby consent to and adopt the following as votes of the corporation:

> VOTED:      That Joseph Luiz be and is hereby
> authorized to transfer his 100 shares of capital stock in and
> to Artek Builders, Inc.. to the corporation to be redeemed as
> Treasurer's stock, and further that the President be
> authorized to issue a new stock certificate evidencing the
> ownership of Shirley Cormier in and to 100 shares of
> capital stock;

> VOTED:      That Shirley Cormier hereby be elected
> President, Treasurer, Clerk, and sole Director of Artek
> Builders, Inc.

In witness whereof, this instrument has been duly executed by all of the

shareholders and directors of Artek Builders, Inc.. effective this 1st day of May

2000.

Joseph Luiz
Stockholder and Director

# RESIGNATION

The undersigned hereby resigns effective immediately as an officer and director of Artek Builders, Inc.

Dated at New Bedford this first day of May, 2000.

Joseph Luiz



**William Francis Galvin**
Secretary of the Commonwealth
Corporations Division
One Ashburton Place, Boston, MA 02108-1512

(1) Federal Identification
Number
04-3509520

( Wrong FID #

## CERTIFICATE OF CHANGE OF DIRECTORS OR OFFICERS
## OF DOMESTIC BUSINESS CORPORATIONS
### General Laws, Chapter 156B, Section 53

(2) I,_____Shirley Cormier_____Clerk or Assistant Clerk (2A)

(3) of_____Artek Builders, Inc._____
*(Name of Corporation)*

(4) located at___13 Pike Street, South Dartmouth, MA  02748___
*(Business Address of Corporation: Number and Street, City or Town)*

hereby certify in compliance with the provisions of law, that a change in the officers of said corporation has been made and that the names of the present officers are as follows:

| Title | (5A) Name | Address: Give Number & Street of Domicile (5B) | (5C) Expiration of Term of Office |
|---|---|---|---|
| President | Shirley Cormier | 13 Pike Street South Dartmouth, MA 02748 | One Year or Until Successor Appointed |
| Treasurer | Shirley Cormier | 13 Pike Street South Dartmouth, MA  02748 | "           " |
| Clerk | Shirley Cormier | 13 Pike Street South Dartmouth, MA 02748 | "           " |
| Directors | Shirley Cormier | 13 Pike Street South Dartmouth, MA 02748 | "           " |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(6) SUBSCRIBED THIS ___fourth___ DAY OF ___May_____, 19 2000 .
UNDER PENALTIES OF PERJURY.

(7) SIGNATURE _Shirley Cormier_     CLERK OR ASSISTANT CLERK

PHOTOCOPIES WILL NOT BE ACCEPTED!          INSTRUCTIONS ON BACK PAGE ⇨

## ARTEK BUILDERS, INC.
### CONSENT ACTION OF STOCKHOLDERS AND DIRECTORS IN LIEU OF JOINT SPECIAL MEETING

The undersigned being all the shareholders and directors of Artek Builders, Inc., a

Massachusetts corporation, that is outstanding and entitled to vote, do hereby pursuant to the

provisions of Chapter 156B, Sections 43 and 59, of the Massachusetts General Laws,

unanimously approve and consent to the adoption of the following votes which shall have the

same force and effect as votes passed at a duly-called special meeting of the stockholders and

directors:

> VOTED:    That Shirley Cormier be and is hereby elected as director of this corporation, to serve until the next annual meeting of stockholders and/or until her successor is duly elected and qualified;

> VOTED:    That Shirley Cormier be and is hereby elected as President, Treasurer and Clerk of this corporation to serve until the next annual meeting of Directors and/or until her successor is duly elected and qualified;

> VOTED:    To ratify and confirm all actions taken by the officers on behalf of the corporation since the last meeting or consent vote of the Board of Directors and stockholders of the corporation.

In witness whereof, this instrument has been duly executed by all of the shareholders and

directors of Artek, Inc.. effective as of the 20$^{th}$ day of April 2001.

*Shirley Cormier*

SHIRLEY CORMIER - Stockholder and Director

**ARTEK BUILDERS, INC.**
MINUTES OF SPECIAL MEETING OF
STOCKHOLDERS AND DIRECTORS


The undersigned, being the sole stockholder and director of Artek Builders, Inc., hereby consents to and adopt the following as votes of the corporation:

VOTED: That Shirley Cormier be and is hereby authorized to transfer her 100 shares of capital stock in and to Artek Builders, Inc. to the corporation to be redeemed as Treasurer's stock, and further that the President be authorized to issue a new stock certificate evidencing the ownership of Diane M. Merlo in and to 100 shares of capital stock;

VOTED: That Diane M. Merlo hereby be elected President, Treasurer, Clerk, and sole Director of Artek Builders, Inc.

In witness whereof, this instrument has been duly executed by all of the shareholders and directors of Artek Builders, Inc. effective this 9ᵗʰ day of September 2003.

Shirley Cormier
Stockholder and Director

Signed: Shirley Cormier, Clerk

Shirley Cormier, President

## RESIGNATION

The undersigned hereby resigns effective immediately as an officer and director of Artek Builders, Inc.

Signed on this 9th day of September 2003.

Shirley Cormier
Shirley Cormier

FEDERAL IDENTIFICATION
NO. 04-3521933

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512



## CERTIFICATE OF CHANGE OF DIRECTORS OR OFFICERS
## OF DOMESTIC BUSINESS CORPORATIONS

(General Laws, Chapter 156B, Section 53)

I, __Diane M. Merlo_____ , *Clerk XXXXXXXXXXXXXX

of __Artek Builders, Inc._____ ,
*(Exact name of corporation)*

having a principal office at __26 Prospect Road, Mattapoisett, MA 02739_____ ,
*(Street address of corporation in Massachusetts)*

certify that pursuant to General Laws, Chapter 156B, Section 53, a change in the directors and/or the president, treasurer and/ or clerk of said corporation has been made and that the name, residential address, and expiration of term of the president, treasurer, clerk and each director are as follows:

| | NAME | RESIDENTIAL ADDRESS | EXPIRATION OF TERM OF OFFICE |
|---|---|---|---|
| President: | Diane M. Merlo | 26 Prospect Road Mattapoisett, MA 02739 | Indefinite |
| Treasurer: | Diane M. Merlo | 26 Prospect Road Mattapoisett, MA 02739 | Indefinite |
| Clerk: | Diane M. Merlo | 26 Prospect Road Mattapoisett, MA 02739 | Indefinite |
| XXXXXXXXXXXX | | | |
| Directors: | Diane M. Merlo | 26 Prospect Road Mattapoisett, MA 02739 | Indefinite |

SIGNED UNDER THE PENALTIES OF PERJURY, this __29__ day of __September_____ , 20 __03__ ,

_Diane M Merlo_____ , *Clerk XXXXXXXX XXXX.

*Delete the inapplicable words.
**Please provide the name and residential address of the assistant clerk if he/she is executing this certificate of change.

ARTEK BUILDERS, INC.
CONSENT ACTION OF STOCKHOLDERS AND DIRECTORS IN LIEU OF
JOINT SPECIAL MEETING

The undersigned being all the shareholders and directors of Artek Builders, Inc., a

Massachusetts corporation, that is outstanding and entitled to vote, do hereby pursuant to the

provisions of Chapter 156B, Sections 43 and 59, of the Massachusetts General Laws,

unanimously approve and consent to the adoption of the following votes which shall have the

same force and effect as votes passed at a duly-called special meeting of the stockholders and

directors:

> VOTED:    That Diane M. Merlo be and is hereby
> elected as director of this corporation, to serve until the next
> annual meeting of stockholders and /or until her successor is
> duly elected and qualified;

> VOTED:    That Diane M. Merlo be and is hereby
> elected as President, Treasurer and Clerk of this corporation to
> serve until the next annual meeting of Directors and /or until
> her successor is duly elected and qualified;

> VOTED:    To ratify and confirm all actions taken
> by the officers on behalf of the corporation since the last
> meeting or consent vote of the Board of Directors and
> stockholders of the corporation.

In witness whereof, this instrument has been duly executed by all of the shareholders and

directors of Artek Builders, Inc., effective as of the 1st day of October 2003.

_Diane M Merlo_
DIANE M. MERLO - Stockholder and Director

Mattapoisett, Massachusetts
January 31, 2004

## **ARTEK BUILDERS, INC.**

## **MINUTES OF ANNUAL MEETING OF DIRECTORS**

The annual meeting of the Board of Directors of **Artek Builders, Inc.** was duly called and held this day at the offices of the corporation located at 26 Prospect Road, Mattapoisett, Massachusetts, at 2:30 p.m., a majority of the directors being present, notice of the meeting having been waived. The following sole director was present: Diane M. Merlo. The meeting was called to order by **Diane M. Merlo**, President. The President reported upon the business of the corporation for the preceding year.

Upon motion duly made and seconded, it was unanimously VOTED:

1. That Diane M. Merlo be re-elected President, Treasurer and Clerk of the Corporation; and

2. TO ADJOURN.

A true record,
Attest:

Diane M. Merlo, Clerk

Mattapoisett, Massachusetts
January 31, 2004

## ARTEK BUILDERS, INC.

## MINUTES OF ANNUAL MEETING OF SHAREHOLDERS

The annual meeting of the shareholders of **Artek Builders, Inc.** was duly called and held this day at the offices of the corporation located at 26 Prospect Road, Mattapoisett, Massachusetts, at 2:00 p.m., all of the shareholder being present, notice of the meeting having been waived. The meeting was called to order by **Diane M. Merlo**, President. The president then reported on the business of the corporation during the preceding year.

Upon motion duly made and seconded, it was unanimously **VOTED**:

1. To ratify and confirm all actions taken by the officers and sole director on behalf of the corporation since the last meeting of the shareholders.

2. To adjourn.

A true record,
Attest:

*Diane M. Merlo*

Diane M. Merlo, Clerk

Mattapoisett, Massachusetts
March 1, 2005

## ARTEK BUILDERS, INC.

### MINUTES OF ANNUAL MEETING OF DIRECTORS

The annual meeting of the Board of Directors of **Artek Builders, Inc.** was duly called and held this day at the offices of the corporation located at 26 Prospect Road, Mattapoisett, Massachusetts, at 2:30 p.m., a majority of the directors being present, notice of the meeting having been waived. The following sole director was present: Diane M. Merlo. The meeting was called to order by **Diane M. Merlo**, President. The President reported upon the business of the corporation for the preceding year.

Upon motion duly made and seconded, it was unanimously VOTED:

1. That Diane M. Merlo be re-elected President, Treasurer and Secretary of the Corporation; and

2. TO ADJOURN.

A true record,
Attest:

_Diane M. Merlo_
Diane M. Merlo, Secretary

Mattapoisett, Massachusetts
March 1, 2005

## ARTEK BUILDERS, INC.

## MINUTES OF ANNUAL MEETING OF SHAREHOLDERS

The annual meeting of the shareholders of **Artek Builders, Inc.** was duly called and held this day at the offices of the corporation located at 26 Prospect Road, Mattapoisett, Massachusetts, at 2:00 p.m., all of the shareholder being present, notice of the meeting having been waived. The meeting was called to order by **Diane M. Merlo**, President. The president then reported on the business of the corporation during the preceding year.

Upon motion duly made and seconded, it was unanimously **VOTED**:

1. To ratify and confirm all actions taken by the officers and sole director on behalf of the corporation since the last meeting of the shareholders.

2. To adjourn.

A true record,
Attest:

*Diane M. Merlo*

Diane M. Merlo, Secretary



NUMBER
3

SHARES
100

# ARTEK BUILDERS, INC.

AUTHORIZED 100,000 SHARES COMMON STOCK NO PAR VALUE

Incorporated Under the Laws of
the Commonwealth of Massachusetts

**This Certifies that** ————————————————————— is the
registered holder of ——————————————————— Shares
————————— One Hundred (100) —————————
of the Capital Stock of **ARTEK BUILDERS, INC.** Fully Paid and Non-Assessable

———————————— Diane M. Merlo ————————————

transferable only on the books of the Corporation by the holder hereof in
person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed
by its duly authorized officers and its Corporate Seal to be hereunto affixed
this ———— 29 ———— day of ——— September ——— A.D. 2003

PRESIDENT.

BY-LAWS

OF

ARTEK BUILDERS, INC.

## ARTICLE FIRST

### DIRECTORS

Section 1. Number.    The property, affairs and business of the corporation shall be managed by a Board of Directors which shall consist of such number of persons, not less than three, as the stockholders having voting power may at the annual or a special meeting in lieu of the annual meeting of stockholders determine and elect, provided however that the number of directors may be less than three but not less than two whenever there shall be two stockholders, and not less than one whenever:

    a.  there shall be a single stockholder, or

    b.  the corporation shall not have issued any of its shares.

If a vacancy or vacancies shall occur, for any reason, in the membership of the Board, other than through removal by stockholder action, at any time when a stockholders meeting is not in session, the remaining directors or director may, quorum requirements notwithstanding, elect a successor or successors, to hold office until the next annual meeting of stockholders and until their successors are elected.

Section 2. Increase or Decrease.    The stockholders of the corporation may increase or decrease at any meeting the number of directors within the limits provided in Section 1 above.  If the number of directors be increased, the additional directors shall be elected by the stockholders at the meeting authorizing the increase.  If the number of directors be decreased the decrease shall become effective to the extent made possible by vacancies in the office of director or by resignations and no director may be removed solely for the purpose of effecting such decrease.

Section 3. Removal.    Directors may be removed from office with cause by the Board of Directors or with or without cause by the stockholders at a meeting called at least in part for the purpose of considering removal, upon the affirmative vote of a majority in interest of the stock or class of stock entitled to vote upon the election of the director or directors proposed to be removed, as the case may be, unless other provisions shall be made in Article ELEVENTH hereof.  Removal may be effected with cause only after reasonable notice to each director proposed to be removed and the opportunity to be heard by the body proposing removal.

Section 4. Term of Office.    The term of office of a director elected at the annual meeting of the stockholders shall be one year:  provided, however, that he shall hold his office until his successor shall be elected and qualified.  A director elected by the stockholders at other than the annual meeting of stockholders shall hold office until the next annual meeting of stockholders and the election and qualification of his successor.

Section 5. Meetings.    The Board of Directors shall meet at the principal office of the corporation or at such other place within the United States as may from time to time be fixed by resolution of the Board or as may be specified in the notice of the meeting. Regular meetings of the Board of Directors shall be held at such time as the Board may by resolution fix; special meetings may be held at any time upon the call of the President or a Vice President or the Clerk, or of any two directors, by written (including telegraphic) notice specifying the date, place and hour (but not necessarily the purpose) of the meeting served on or sent or mailed to each director not less than two days before the meeting.

An annual meeting of the Board of Directors may be held without notice immediately after the annual meeting of stockholders. Notice need not be given of any regularly scheduled meeting of the Board. Notice of a meeting need not be given to a director if a written waiver of notice, executed by him before or after the meeting, is filed with the records of the meeting; notice need not be given to any director attending a meeting without protesting the lack of notice prior to or at the commencement of the meeting.

The members of the Board of Directors or of any Committee designated by said Board of Directors may participate in a meeting of the Board or of any such Committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other at the same time, and participation by such means shall constitute presence in person at a meeting.

Section 6. Committees.    The Board of Directors may elect from the Board an Executive Committee or other committee or committees which shall have and exercise such powers of the Board as may be permitted by law and as shall be conferred upon such committee by the Board. A majority of any such committee may fix the time and place of its meetings and approve any action as the act of the committee, unless the Board of Directors shall otherwise provide. The Board of Directors shall have power at any time to fill vacancies in, change the membership of, or discharge any such committee.

Section 7. Management.    The Board of Directors shall have the entire charge, control and management of the corporation and its property and business and may exercise all or any of its powers. Among other things the Board may, unless otherwise provided in Article ELEVENTH hereof, (1) authorize the issuance of the shares of the corporation form time to time in its discretion for such considerations as the Board shall determine and as may be permitted by law; (2) determine the amounts to be distributed as dividends; (3) appoint and at its discretion remove or suspend such subordinate officers, agents and employees as it from time to time thinks fit, determine their duties, and fix and, from time to time as it sees fit, change their salaries and compensation; (4) appoint any officer, permanently or temporarily as it sees fit, to have the powers and perform the duties of any other officer; (5) appoint any persons to be agents of the corporation (with the power to sub-delegate) upon such terms as it sees fit; and (6) appoint any person or persons to accept and hold in trust for the corporation any property belonging to the corporation or in which it is interested and cause such instruments to be executed, and do and cause to be done such things as it may deem requisite, in relation to any such trust.

Section 8. Quorum and Voting.   Unless otherwise provided in Article ELEVENTH hereof, a majority of the members of the Board of Directors acting at a meeting duly assembled, shall constitute a quorum for the transaction of business, and the act of a majority of the directors present at a meeting at which a quorum exists shall be the act of the Board of Directors. If at any meeting of the Board of Directors, a quorum shall not be present, a majority of the directors present may adjourn the meeting, without further notice, from time to time until a quorum shall have been obtained.

Section 9. Class Voting.   Whenever the Board of Directors shall consist of directors elected by two or more classes of stockholders having voting rights, a quorum at all meetings of directors, unless the Articles of Organization or the provisions of Article ELEVENTH hereof otherwise provide, shall, Section 8 above notwithstanding, consist of a majority of the directors then in office of each class, and the vote of a majority of the directors of each class present at a meeting at which a quorum is had shall be required to approve any matter before the Board: provided, however, that with respect to the filling of vacancies among the directors of any class whether arising from death, resignation, removal or an increase in the membership of the Board, such vacancy shall be filled by the remaining director or directors of that class, a majority of the votes cast by the directors of that class shall be sufficient to elect, and, for the purpose of such election, the presence of a majority of the directors of that class in office at the time of such election shall constitute a quorum.

Section 10. Chairman.   The directors may elect from their number a Chairman of the Board who shall preside at all meetings of the Board of Directors and may have such additional powers and responsibilities, executive or otherwise, as may from time to time be vested in him by resolution of the Board of Directors.

Section 11. Action Without Meeting.   Any action required or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if a written consent thereto is signed by all members of the Board, and such written consent if filed with the records of proceedings of the Board.

- 3 -

ARTICLE SECOND

## OFFICERS

        Section 1. General.    The Board of Directors, as soon as may be after its election in each year, shall elect a President, a Clerk and a Treasurer, and from time to time may appoint one or more Vice Presidents and such Assistant Clerks, Assistant Treasurers and such other officers, including a Secretary to the Board of Directors, agents and employees as it may deem proper.  The President may but need not be chosen from among the directors.

        Section 2. Term of Office.    The term of office of all officers shall be one year and until their respective successors are elected and qualify, but any officer may at any time be removed from office, with or without cause, as provided by law, by the affirmative vote of a majority of the members of the Board of Directors then in office at a meeting called for the purpose unless otherwise provided in Article ELEVENTH hereof.  If removal of any officer be proposed for cause, reasonable notice shall be provided such officer and he shall be provided an opportunity to be heard by the Board.  A vacancy in any office arising from any cause may be filled for the unexpired portion of the term by the Board of Directors.

        Section 3. President.    The President when present shall preside at all meetings of the stockholders and, if a director, unless a Chairman of the Board has been appointed and is present, at all meetings of the Board of Directors.  He shall, unless otherwise provided in Article ELEVENTH hereof, be the chief executive officer of the corporation and shall have general operating charge of its business.  As soon as reasonably possible after the close of each fiscal year, he shall submit to the Board a report of the operations of the corporation for such year and a statement of its affairs, and shall from time to time report to the Board all matters within his knowledge which the interests of the corporation may require to be brought to its notice.  The President shall perform such duties and have such powers additional to the foregoing as the Board may designate.

        Section 4. Vice President.    In the absence or disability of the President, his powers and duties shall be performed by the Vice President, if only one, or, if more than one, by the Vice President designated for the purpose by the Board.  Each Vice President shall have such other powers and perform such other duties as the Board shall from time to time designate.

        Section 5. Treasurer.    The Treasurer shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the corporation in such depositaries as shall be authorized by the Board.  He shall disburse the funds of the corporation as ordered by the Board, taking proper vouchers for such disbursements.  He shall promptly render to the President and to the Board such statements of his transactions and accounts as the President and Board respectively may from time to time require.  If required by the Board he shall give bond in such amount, with such security and in such form as the Board shall determine.  The treasurer shall perform such duties and have such powers additional to the foregoing as the Board may designate.

Section 6. Assistant Treasurer.    In the absence or disability of the Treasurer, his powers and duties shall be performed by the Assistant Treasurer, if only one or, if more than one, by the one designated for the purpose by the Board. Each Assistant Treasurer shall have other powers and perform such other duties as the Board shall from time to time designate.

Section 7. Clerk.    The Clerk shall, unless the corporation has designated a Resident Agent in the manner provided by law, be a resident of the Commonwealth of Massachusetts. It shall be his duty to record in books kept for the purpose all votes and proceedings of the stockholders and, if there be no Secretary, of the Board of Directors. Unless the Board of Directors shall appoint a transfer agent and/or registrar or other officer or officers for the purpose, the Clerk shall be charged with the duty of keeping, or causing to be kept, accurate records of all stock outstanding, stock certificates issued, and stock transfers; subject to such other or different rules as shall be adopted from time to time by the Board, such records may be kept solely in the stock certificate books. The Clerk shall perform such duties and have such powers additional to the foregoing as the Board shall designate. The Assistant Clerk, if one be elected or appointed shall perform the duties of the Clerk during the Clerk's absence as well as such other duties as may be assigned to him by the Board. In the absence of the Clerk or Assistant Clerk at any meeting of stockholders or, if there be no Secretary, of the directors, a Clerk pro tempore shall be chosen by the meeting to perform the duties of the Clerk thereat.

Section 8. Secretary.    The Secretary, if there be one, shall attend all meetings of the Board of Directors and shall record the proceedings thereat in books provided for the purpose.

Section 9. Resignation.    Any officer and any director may resign at any time by delivering his resignation to the corporation at its principal office or to the President, Clerk or Secretary. Such resignation shall be effective at the time or upon the happening of the condition, if any, specified therein or, if no such time or condition shall be specified, upon it receipt.

Section 10. Voting of Corporation Securities.    Unless otherwise ordered by the Board of Directors, the President or the Treasurer shall have full power and authority in the name and behalf of the corporation to waive notice of, to attend, act and to vote at, and to appoint any person or persons to act as proxy or attorney-in-fact for this corporation at, any meeting of stockholders or security holders of any other corporations or organization the securities of which are held by the corporation, and at such meetings shall possess and may exercise any and all rights and powers incident to the ownership of such securities, which, as the owner thereof the corporation may possess and exercise. The Board of Directors by resolution from time to time may confer like powers upon any other person or persons.

## ARTICLE THIRD

### STOCKHOLDERS

Section 1. Meetings. The annual meeting of the stockholders of the corporation shall be held at    Dartmouth    , Massachusetts, or at such place within the Commonwealth of Massachusetts or elsewhere within the United States of America as the Board of Directors shall fix, or in the absence of any such designation, such place as may be designated by the Clerk in the notice of the meeting or the place to which any annual meeting shall be adjourned, on the    day of    at    o'clock in the    noon in each year to elect a Board of Directors, to hear the reports of officers, and to transact other business. If the day fixed for the annual meeting shall fall upon a legal holiday, the meeting shall be held on the next succeeding business day not a legal holiday. No change may be made in the date fixed herein for the annual meeting within sixty days of such date and notice of any such change shall be given the stockholders entitled to notice of the meeting at least twenty days before the new date fixed for such meeting. If the election of directors shall not be held on the day herein designated for an annual meeting, or at an adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the stockholders as soon thereafter as conveniently may be. At such special meeting the stockholders may elect the directors and transact other business with the same force and effect as at an annual meeting duly called and held.

Section 2. Closing of Transfer Books. The Board of Directors may in its discretion fix a date not less than ten days nor more than sixty days prior to the date of any annual or special meeting of stockholders or prior to the payment of any dividend or the making of any other distribution as the record date for determining stockholders having the right to notice of and to vote at such meeting or any adjournment thereof, or the right to receive such dividend or distribution. In lieu of fixing such record date, the Board may, subject to the limitations herein provided, order the closing of the stock transfer records of the corporation for such purposes. The holders of record of shares of the corporation on such record date or on the date of closing the stock transfer records shall, if a dividend or distribution be declared, have the sole right to receive such dividend or distribution, or, if such shares have a voting right, the sole right to receive notice of, attend and vote at such meeting.

Section 3. Special Meetings. Special meetings of the stockholders may be called by the President or by the directors, and shall be called by the Clerk, or in the event of his death, absence, incapacity or refusal by any other officer, upon the written application of one or more stockholders who hold at least one tenth in interest of the stock entitled to vote thereat. Notice shall be given in the manner set forth in Section 4 below and shall state the time, place and purpose of the meeting. Special meetings shall be held at the office of the Corporation in    , Massachusetts, or at such other place within the Commonwealth of Massachusetts or elsewhere within the United States of America, as the directors may fix, or, if the meeting is called upon the application of stockholders, at such place as shall be stated in the Application therefor, or the place to which such meeting may be adjourned: provided, however, that a special meeting may be held at any place approved in writing by every stockholder entitled to notice of the meeting or at which every stockholder entitled to such notice shall be present and represented at the date and time of the meeting.

- 6 -

Section 4. Notice of Meetings.    Written notice of the place, date and hour, and specifying the purpose of every meeting of stockholders, shall be given by the Clerk or by any other officer designated by the directors or these By-Laws, at least seven days before the meeting, to each stockholder entitled to vote thereat. If a special meeting is called upon written stockholder application and the Clerk shall be unable or shall refuse to give notice thereof, notice may be given by any other officer of the corporation. Such notice may be delivered in hand to each stockholder entitled to notice, at his residence or usual place of business or mailed to him, postage prepaid, addressed to his address as it appears in the records of the corporation. No notice of any meeting need be given a stockholder if a written waiver of notice executed before or after the meeting by the stockholder, or his attorney thereunto authorized, is filed with the records of the meeting, and, if notice of a special meeting shall be waived by all stockholders entitled to notice thereof, no call of such special meeting shall be required.

Section 5. Quorum.    At all meetings of stockholders unless otherwise provided in Article ELEVENTH hereof a quorum for the transaction of business shall consist of the holders of record, present in person or by proxy, of a majority in interest of all of the issued and outstanding shares of the stock of the corporation entitled to vote thereon.

Section 6. Action Without Meeting.    Any action required or permitted at any meeting of the stockholders, including the election of directors or officers, may be taken without a meeting if a written consent thereto is signed by the holders of all of the issued and outstanding capital stock entitled to vote at such meeting and such written consent is filed with the records of the meetings of stockholders.

Section 7. Voting.    Except as otherwise provided by law or by the Articles of Organization every stockholder entitled to vote at a meeting of stockholders shall have one vote for each share of stock having the right to vote at such meeting held by him and registered in his name on the books of the corporation at the time of the meeting or at the record date fixed by the directors for the determination of stockholders entitled to vote thereat, if such date be fixed. Stockholders may vote in person or by proxy in writing filed with the Clerk at the meeting. No proxy dated more than six months before the meeting named therein shall be accepted, and no such proxy shall be valid after the adjournment of the meeting except if such proxy is coupled with an interest as determined under applicable law. A proxy coupled with an interest may be irrevocable if it so provides and shall be valid and enforceable until the interest terminates or for such shorter period of time as the proxy provides. Except as otherwise required by law, by the Articles of Organization or by Article ELEVENTH hereof, any matter coming before any meeting of the stockholders shall be adopted as the act and deed of the stockholders if approved by a majority in interest of the stock issued, outstanding and entitled to vote thereon, present or represented at the meeting, a quorum being present: provided, however, that at all elections of directors and officers a plurality of the votes cast for any nominee or nominees shall elect. No ballot shall be required for election of a director or officer unless requested by the holder of one or more shares entitled to vote thereon or his representative.

Section 8. Class Voting.    Unless the Articles of Organization or the provision of Article ELEVENTH hereof shall otherwise provide, whenever the issued and outstanding shares of the corporation shall consist of shares of two or more classes having a voting right, a quorum at all meetings of stockholders shall, Section 5 above notwithstanding, with respect to any matter, including the election of directors, on which such two or more classes shall be entitled to vote as a separate class, consist of a majority in interest of the issued and outstanding stock of each such class; voting on such matter shall be had by class, and approval of action thereon as the act of the stockholders of the corporation, shall require the vote of a majority in interest of the issued and outstanding stock of each class present or represented at the meeting and entitled to vote thereat: provided, however, that in the matter of election of directors elected by a particular class of shares a quorum shall consist of a majority in interest of the issued and outstanding stock of that class and a plurality of the votes cast by the holders of such stock at a meeting at which such quorum is present shall elect.

## ARTICLE FOURTH

### CAPITAL STOCK

Section 1. Stock Certificates.    Each stockholder shall be entitled to a certificate or certificates in such form as the Board shall adopt, stating the number of shares and the class thereof held by him, and the designation of the series thereof, if any. Each certificate of stock shall be signed by the President or a Vice President and by the Treasurer or an Assistant Treasurer; the signatures of such officers may be facsimiles if the certificate is signed by a transfer agent or registrar, other than a director, officer or employee of the corporation. If any officer who has signed or whose facsimile signature has been placed on any such certificate shall have ceased to be such officer before such certificate is issued, the certificate may be issued by the corporation with the same effect as if he were such officer at the time of issue. Every certificate issued for shares of stock subject to a restriction or transfer pursuant to the Articles of Organization, these By-Laws or any agreement to which the corporation is a party, or issued while the corporation is authorized to issue more than one class of stock, shall have the full text of such restriction or the full text of the preferences, voting powers, qualifications and special and relative rights of the stock each class and series authorized to be issued, as the case may be, set forth on the face or back of the certificate or alternatively, shall contain the statement that the corporation will furnish a copy thereof to the holder of the certificate without charge upon written request.

Section 2. Transfer.    The stock of the corporation shall be transferable, so as to affect the rights of the corporation, after satisfaction of the provisions of the Articles of Organization, or other lawful provisions to which the corporation is a party, imposing a restriction upon transfer unless the same shall be waived by the Board of Directors by transfer recorded on the books of the corporation, in person, or by duly authorized attorney, upon the surrender of the certificate or certificates properly endorsed or assigned.

Section 3. Fractional Shares.    Fractional shares of stock of any class may be issued.  Fractional shares entitle the holder thereof to the voting and dividend rights and the right to participate in assets upon liquidation, and shall have and be subject to the preferences, qualifications, restrictions and special and relative rights, of the class of stock or series in which issued.  In lieu of fractional shares, the corporation may issue scrip in registered or bearer form entitling the holder thereof to receive a certificate for a full share upon the surrender of scrip aggregating a full share.  Any scrip issued by the corporation may be issued upon such terms and conditions and in such manner as the directors shall fix.

Section 4. Equitable Interests.    The corporation shall be entitled to treat the holder of record of any share or shares of stock as the holder in fact thereof and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person except as may be otherwise expressly provided by law.

Section 5. Lost Certificates.    The directors of the corporation may, from time to time, determine the conditions upon which a new certificate of stock may issued in place of any certificate alleged to have been lost or destroyed.  They may in their discretion require the owner of a lost or destroyed certificate, or his legal representative, to give a bond to the corporation with or without surety;  surety if required shall be such as the directors deem sufficient to indemnify the corporation against any loss or claim which may arise by reason of the issue of a certificate in place of such lost or destroyed stock certificate.

## ARTICLE FIFTH

## MAINTENANCE AND INSPECTION OF RECORDS

The corporation shall maintain in the Commonwealth of Massachusetts the original or attested copies of its Articles of Organization, By-Laws and records of all meetings of incorporators and stockholders, as well as its stock and transfer records which shall contain the names of all stockholders and the record address and amount of stock held by each.  Such copies and records may be maintained at the principal office of the corporation or an office of its transfer agent or the office of the Clerk and shall be open at all reasonable times to the inspection of any stockholder for a proper purpose.

ARTICLE SIXTH

## CHECKS, NOTES, DRAFTS AND OTHER INSTRUMENTS

Checks, notes, drafts and other instruments for the payment of money drawn or endorsed in the name of the corporation may be signed by any officer or officers or person or persons authorized by the Board of Directors to sign the same. No officer or person shall sign any such instrument as aforesaid unless authorized by said Board to do so.

ARTICLE SEVENTH

## SEAL

The seal of the corporation shall be circular in form, bearing the inscription Artek uilders, Inc. 2000 . The treasurer shall have custody of the seal and may affix it (as may any other officer if authorized by the directors) to any instrument requiring the corporate seal.

ARTICLE EIGHTH

## FISCAL YEAR

The fiscal year of the corporation shall be the year ending with the 31st day of December in each year.

ARTICLE NINTH

## CONTROL OVER BY-LAWS

These By-Laws may be altered, amended or repealed and any new By-Laws adopted at any annual or special meeting of the stockholders by the affirmative vote of a majority of the shares of capital stock then issued outstanding and entitled to vote unless a greater proportion shall be required under the provision of Article ELEVENTH or by the affirmative vote of a majority of the Board of Directors at any meeting of the Board except with respect to any provision of the By-Laws which by law, the Articles of Organization and By-Laws themselves requires action by the stockholders, provided, however, that notice of a proposal to alter, amend or repeal these By-Laws or adopt new By-Laws shall be included in the notice of any meeting at which such alteration, amendment or repeal or adoption is considered and, provided further, that any alteration or repeal of these By-Laws or any By-Laws adopted by the Board of Directors may be amended or repealed by the stockholders.

## ARTICLE TENTH

### EFFECT OR PROVISIONS OF LAW AND ARTICLES OF ORGANIZATION

Each of the provisions of these By-Laws shall be subject to and controlled by any specific provisions of law or the Articles of Organization which relate to their subject matter, and shall also be subject to any exceptions, or more specific provisions, dealing with the subject matter, appearing elsewhere in these By-Laws as amended from time to time.

## ARTICLE ELEVENTH

### EXCEPTIONS, IF ANY, TO THE FOREGOING PROVISIONS OF THESE BY-LAWS