UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>ARTEK BUILDERS, INC.,<br><br>      Defendant | CIVIL ACTION NO. 05-CV-10437-GAO |

**REPLY BRIEF OF WASHINGTON INTERNATIONAL INSURANCE COMPANY TO THE DEFENDANT'S OPPOSITION TO WASHINGTON INTERNATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Washington International Insurance Company ("WIIC") hereby submits the following Reply to the Defendant's Opposition to WIIC's Motion for Summary Judgment.

**WIIC's Statement Of Undisputed Facts In Support Of Its Motion For Summary Judgment Should Be Deemed Admitted Because The Defendant Failed To Comply With Local Rule 56.1.**

Under Local Rule 56.1, "it is incumbent on the defendant to include in its opposition to WIIC's motion 'a concise statement of the material facts of records as to which it is contended that there exist a genuine issue to be tried'" Cochran v. Quest Software, Inc. 328 F.3d 1, 12 (1st. Cir. 2003), quoting Local Rule 56.1 (D.Mass.). Moreover, the statement of material facts in dispute must be supported "with page references to affidavits, depositions and other documentation." Local Rule 56.1 (D.Mass.). Furthermore, Local Rule 56.1 continues by saying that "material facts of records set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."

WIIC properly submitted its Statement of Undisputed Facts in Support of its Motion for Summary Judgment according to Local Rule 56 (1), which contains proper record citations to affidavits in evidence that would be admissible at trial. WIIC's Statement of Undisputed Facts has (**47**) forty-seven separately numbered paragraphs properly citing to the record. Artek in its Opposition under "A. Rebuttal to Plaintiff's Statement of Material Facts " contains only (**10**) ten numbered paragraphs. Number 1 objects to plaintiff's statement of fact number 9. Paragraph number 2 objects to WIIC's undisputed fact number 14 and provides no records citation to support its objection. Number 3 objects to WIIC's undisputed fact number 18. Number 4 objects to WIIC's undisputed facts number 19. Number 5 objects to WIIC's undisputed fact number 34. Number 6 objects to WIIC's undisputed facts number 42 and provides no records citation to support its objection. Number 7 objects to WIIC's undisputed fact number 43. Number 8 objects to WIIC's undisputed fact number 20. Number 9 objects to WIIC's undisputed fact number 26 and provides no record citation to support its objection. Number 10 objects to WIIC's undisputed facts number 44 and provides no record citation to support its objection.

Local Rule 56.1 was adopted to expedite the process of determining which facts are generally in dispute, so that the Court may turn quickly to the usually more difficult task of determining whether the disputed issues are material. <u>Brown v. Armstrong</u>, 957 F.Supp. 1293 (D.Mass.1997). If a moving party complies with the Local Rule, any material facts of record set forth within its statement will be deemed for purposes of the motion to be admitted … unless controverted by the statement required to be served by opposing parties. <u>Id</u>. The non-movant response must "state what specific facts are disputed and prevent summary judgment". <u>Id</u>. See <u>Vasapolli v. Rustoff</u>, 864 F.Supp. 215, 218 (D.Mass.1993), aff'd, 39 F.3d 27 (1st Cir. 1994)

At minimum, based on Artek's Rebuttal Statement of Facts, the following numbered paragraphs from WIIC's Statement of Undisputed Facts are undisputed and therefore, under the Local Rule, deemed undisputed and admitted. Numbers 1- 8, 10 – 13, 15 -17, 20 – 25, 27 – 34, 35 – 41, 45 – 47. Of the 10 Artek decided to address, numbers 14, 26, 42, and 44 provide no record citation to support the objections and therefore, under the Local Rule should be deemed admitted.

Once the Court cuts through all of the above and in an effort to simplify, numbers 9,18-20, 34 and 43 of WIIC's Undisputed Facts are left. These objections are non-sensical, make

conclusory statements, take excepts of documents and use them out of context, and are not supported by Affidavit.  At no point in Defendant's Opposition does it discuss the materiality of any of these facts.  It does not distinguish (with what facts are left) between facts involved generally, and material facts that are genuinely in dispute.  It clearly is not a statement of "specific facts" in dispute.  Armstrong, *supra* at 1297.

Moreover, Defendant in its Opposition in Section B has its own Statement of Facts listed as numbers 1 – 15.  Again, numbers 1 – 5, 7, 12, 13, 14 and 15 are devoid of any record citation.  Number 6, 8, 9, 10 and 11 make conclusory statements that are not supported by citations to the record.

Lastly, Defendant's Memorandum of Law again does not cite to the record.  It is devoid of virtually any of the records citations through documents, affidavits or otherwise.  The Defendant's Opposition does not comply with Local Rule 56.1.  Indeed,, the Defendant's Memorandum   provides even more facts that are not contained in its own Statement of Facts.  See.  Schultz v. Kelly, 188 F.Supp. 2d 38 (D.Mass. 2002) (holding that a fact not included in a party's Local Rule 56.1 Response is not properly before the court).  It makes conclusory statements and allegations that are not supported by citations to the record.  Even where citations are provided, the cited portion of the record often does not support the point for which it is cited.  Because Defendant's Opposition fails to properly controvert the Plaintiff's Statement of Undisputed Facts of records set forth in WIIC's Statement, its Facts should be deemed for purposes of the motion to be admitted by the defendant.  See Local Rule 56. 1 (D.Mass.); see also Stonkus v. City of Brockton School Dept. 322 F.3d. 97, 201 (1st Cir. 2003) ("because the plaintiff did not controvert the statement of undisputed material facts that the defendants filed with their summary judgment motion, we deemed those facts admitted....").

## CONCLUSION

For the foregoing reasons, WIIC respectfully requests that this Honorable Court grant its Motion for Summary Judgment in its entirely, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,
**Washington International Insurance Company,**
By its attorneys,

/s/ Paula-Lee Chambers
Paula-Lee Chambers, BBO# 566888
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

## CERTIFICATE OF SERVICE

I, Paula-Lee Chambers, Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 3, 2006.

/s/ Paula-Lee Chambers

34019199v1 856540